Tilghman C. J.
Hutton, the plaintiff below, brought this action against Robert Coe, jun. surviving partner of his father Robert Coe, sen. deceased, who were joint partners in trade, under the name of Robert Coe & Son, and declared for money paid by him for the use of the said Robert Coe Son, and money received by them for his use. The jury found for the plaintiff.
Two bills of exceptions appear on the record. The first to* the admission of evidence ; the second to the charge of the court.
1. The evidence excepted to by the defendant, was an-account produced by the plaintiff. This exception has not been much insisted on, nor ought it to have been. The account was not evidence per se, but accompanied as it was, by the testimony of Thomas Shipley, who proved, that it was shown to the defendants, and he thinks acknowledged by them, or certainly not objected to, there can be no doubt but it was evidence. The jury would give it such weight as they thought it deserved under all circumstances.
2. In order to understand the exceptions to the charge, it is necessary to state the material facts. Coe Son had given their note for 800 dollars to the plaintiff, dated January 20th, 1804, and payable ninety days after date.. This note was endorsed by the plaintiff, and as he alleged, for the accommodation and benefit of the defendants. The plaintiff als'd alleges, that the note, being in the hands of one Bernard., was taken up by him and paid out of his own funds. There was no direct proof of the plaintiff having paid the note, but he had it in his hands, and produced it on the trial. He produced also the record of a judgment which Bernard had obtained against him, on a note for 800 dollars, payable at sixty days, *407 which judgment Hutton had satisfied. On the 13th April, 1804, Coe £5? Son executed an assignment of all their property, in trust for the benefit of such of their creditors as should give them a release within three months from the date of the ,*j assignment. A release bearing date 14th April, 1804, was given in evidence by the defendant, executed by a number of the creditors, among whom was the plaintiff. The court charged, that the note mentioned in the record of Bernards action, could not be the same as the note on which this action is founded, unless the jury should think that there was a mistake in transcribing the record, of which they might judge ; at the same time telling them, that the court saw no evidence of any mistake.
This charge is objected to, because the court did not tell the jury, that they were bound to take the transcript produced, as conclusive evidence of the record. The defendant seems to have come rather late with this exception; he ought to have objected to the transcript going in evidence. Appearing on its face to set forth a different note, it was not relevant to the matter in issue. But having suffered it to be read in evidence, and not having asked the court’s opinion specially on this point, it would be hard to reverse the judgment, because the jury were permitted to judge, whether there had not been an error in copying the record; especially as they were told, that the court saw no evidence to prove an error. It is certain, that mistakes frequently happen in copying records, and where there is a mistake, the jury are bound to believe the original and reject the copy.
Thqn, as the defendant suffered the transcript to be tend, thereby in some measure confessing its relevancy, and it was possible, that the copy might not have been true, I do not think, that what fell from the court in remarking on the evidence, can be accounted error sufficient to reverse the judgment.
3. Another error assigned in the charge is, the judge’s saying, that if the release was executed by the plaintiff after three months from the date of the assignment, the plaintiff is not barred; because the release was made in consideration of the benefit to be derived from the assignment; but no benefit was in such case derived from the assignment; therefore, the release had no operation. The counsel for the defendant in error, has first endeavoured to evade the force of this objec *408 tion by remarking, that even supposing the charge to have been erroneous in this point, it is no cause for reversing the judgment, because it was immaterial, the fact being, that the release was executed within three months from the assignment, as appears by its date. It seems to me, however, that this part of the charge was very material, because there was no evidence fixing the time of the execution of the release; nor were there any subscribing witnesses to it, and when the judge submitted it to the jury as a fact to be decided by them, this court cannot consider it otherwise than as a matter of uncertainty. Let us examine then, whether the release had any operation in the case supposed by the judge, that is, in case the release was executed more than three months after the assignment. A release is good without any consideration, but here is a consideration of one dollar and the assignment made by Coe is? Son; and it is urged, that although a release may be good without consideration, yet it is not good where it was expected to receive a consideration which has failed. -It does not appear, however, that there has been any fraud practised by the releásees, or that there was any mistake or misapprehension of the releaser; the release refers to the assignment, and it must be taken for granted, that the condition on which only a dividend could be received from the estate of Coe is? Son, was well known to the releaser. Knowing then, when he executed the release, that he was to receive no benefit from the assignment, with what propriety can he now insist on that circumstance as a ground for avoiding his action ? It is argued, that he must have been under a misapprehension, because the assignment could be no consideration for the release, unless the releaser was to derive benefit from it. But this is going too far. There might be other considerations than those of personal benefit influencing the mind of the releaser. He might, from feelings of humanity, have been induced to discharge persons who had been unfortunate, had acted honestly, and had given up all to their creditors, even though he himself was' excluded from any participation, in consequence of his own omission; or possibly there might have been a latent expectation of being let in for a dividend, by the consent of the other creditors. Be that as it may, there being no evidence of fraud or mistake, and a release being an instrument not requiring any consideration, I am of opinion, that the releaser *409 . was bound by it, although he could receive no benefit from the assignment. . .
4. There is one more exception to the charge of the court. They were of opinion, that if the plaintiff executed the release before-he took up -the note, he was not barred, because at that time there was no -debt existing, and therefore the release had no operation. The release is drawn in words as comprehensive as possible, and was undoubtedly inténded to reach this debt, so that it is the duty of the court to support it if possible. It is a release of all actions, causes of action, and demands, which the releaser then had, or might in future have, against the defendants, by reason for means of any act, matter, cause, or thing, from the beginning of the world to the date of the release. Now, the present action cannot be supported, but by reason of the note, which was given before the release. It cannot be shown that the plaintiff paid money on account of the defendants, without producing that note, and accordingly it was given in evidence on the part of the plaintiff. If not a release, technically speaking, it would amount to an agreement not to sue, which answers the defendant’s purpose as well. To say, that a man who knows he is liable to pay a sum of money, on any account, may not bind himself not to have recourse to one, after he shall have paid the money, is in my mind unreasonable to the highest degree. Some of the old cases go a great way against such a release. But of late, there has been more liberality of principle. The case of Scott v. Lifford, (1 Camp. 250,) is directly. in point. The drawer of a bill of exchange released the acceptor before he (the drawer) had taken up the bill. Held that the release would bar the drawer in case he should bring an action against the acceptor, after he had paid the bill. This case is no authority here,having been decided in England; but it shows that the strict old English law, on which the plaintiff relies, has been relaxed in the country which gave it birth. Upon the whole, I am of opinion, that the judgment should be reversed, and a venire de novo awarded.
Yeates J.
The release purporting to bear date on the 14th April, 1804, executed by the defendant in error, and other creditors, to Robert Coe, senior and junior, appears to me to operate as a bar to a recovery in this suit. The release precedes the time of payment contained in the note six *410 days, and the days of grace expired on the 23d April, 1804. j The time of Hutton’s executing the release is not specified, but we well know the mode in which such business is transacted, arid that creditors of an insolvent firm sign the instrument at different times. The consideration of the release is expressed therein, to be the assignment in trust for the use of all the creditors, and one dollar to each of them in hand paid. The charge of the court below admits, that one may release a debt without consideration, if he meant so to do. The party’s intention must be collected from the expressions he has made use of, and in this instance, Hutton has released by most comprehensive words, to Coe & Son, “ all actions, « and causes of action and demands, from the beginning of « the world.” A release may certainly operate with effect, although the releaser could support no action at the time. A covenant of warranty may be released before eviction. Co. Litt. 365. 392. The principles established in Scott and others, v. Lifford. 1 Campb. 249, strongly apply to the case before us. And it was there determined, that a general release by a creditor, would be a bar to a subsequent recovery, although the party could not sustain an action at the time of giving the release.
I am of opinion, that the judgment below be reversed, and U new trial be awarded.
BracKenridge J. concurred.
Judgment reversed, and a venire de novo awarded.