JOSEPH RUPRECHT, Respondent, v. PATRICK O'MALLEY et al., Appellants.

**St. Louis Court of Appeals, January 2, 1895.**

**Accounts:** ADMISSION BY FAILURE OF DEBTOR TO OBJECT. The plaintiff did certain brick work on a building for defendants, and further, on an order left at his office by an unknown person, hauled lumber to that building. Subsequently he presented to the defendants for payment his account for the brick work and the hauling, and the defendants denied liability for the brick work but not for the hauling. *Held,* that proof of these facts was sufficient to establish liability for the hauling.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

*Rassieur & Schnurmacher* for respondent.

BIGGS, J.—This is an action for balance of $294.90, alleged to be due on account for brick sold and delivered, and for hauling lumber for the defendants Patrick O'Malley and John O'Malley, composing the firm O'Malley Brothers. The defendants secured a contract for the construction of a brick building at Jefferson Barracks. They sublet the brick work to J. B.

O'Malley. It is not denied that the plaintiff furnished the brick for the building. That he hauled the lumber is denied. The defense is that the brick was sold to J. B. O'Malley and not to the defendants, and that the defendants had employed the plaintiff's brother to haul the lumber and had paid him for it. The suit originated before a justice of the peace, where the plaintiff had judgment. On a trial *de novo* in the circuit court a like result was reached. The defendants have again appealed to this court.

The assignment that the judgment is unsupported by the evidence must be overruled. In support of the finding as to the brick, the plaintiff testified that he made the contract with the defendants and not with J. B. O'Malley; that his proposition was in writing and was made to, and accepted by, O'Malley Brothers. He, however, admitted that at request of J. B. O'Malley he had given him prices on the brick, but that, before the contract was made, he informed Patrick O'Malley of this and stated to him that he did not know J. B. O'Malley personally, that he had heard that he was insolvent, and that he preferred to sell the brick to O'Malley Brothers. He also admitted that all payments made by defendants on the brick were on orders from J. B. O'Malley. His explanation of this was that, when he first applied to Patrick O'Malley for money on the contract, the latter told him that he must get orders from J. B. O'Malley, because he was doing the work at the building and knew the number of brick delivered from time to time. The plaintiff also introduce in evidence the dray tickets for the brick delivered, the most of which were signed by J. B. O'Malley. Each ticket stated that so many brick had been received by the defendants from the plaintiff. The plaintiff also read in evidence a letter from the defendants to him, in which they complain of

delay in the delivery of brick, and they notify the plaintiff that, unless he delivered brick in the future as fast as they were needed at the building, they would buy the remaining brick elsewhere, and *charge the cost to his account.* The plaintiff also read in evidence an order for $600 given by him on the defendants, which order the defendants had paid and charged to his account.

This order was indorsed by J. B. O'Malley. This is substantially the plaintiff's evidence as to the brick. Concerning the lumber, the plaintiff testified that some one left at his office an order to haul the lumber from the cars to the building; that the plaintiff did not see the messenger and could not say whether he came from the defendants or not; that he hauled the lumber, and that in October, 1892, he rendered his account to the defendants, which contained separate items for hauling six car loads of lumber at so much per car; that the defendants made no objections to the charges, and only disputed the account as to the balance claimed on the sale of the brick.

That there was substantial evidence that plaintiff sold the brick to the defendants can not be denied. The weight to be given it was for the jury. The evidence of the defendants tended strongly to show that the sale of the brick was made to J. B. O'Malley, but it is not of such a character as to warrant us in holding that the verdict of the jury was the result of prejudice or bias, and that for this reason the circuit court erred in not granting a new trial. The plaintiff's case as to the charges for hauling lumber rested *solely* on the failure of Patrick O'Malley to dispute that portion of the account, when presented to him for payment. The plaintiff testified that the account as presented to Patrick O'Malley contained six separate charges for hauling lumber; that the account was presented for *payment;* that O'Malley denied that he owed

for the brick, but did not deny his liability for hauling the lumber. Under the authorities this evidence was sufficient to carry the question to the jury. *Shepard v. Bank*, 15 Mo. 143; *Powell v. Railroad*, 65 Mo. 658; *Brown v. Kimmel*, 67 Mo. 430; *Kent v. Highleyman*, 17 Mo. App. 9; *Coe v. Hutton*, 1 Serg. & Rawle, 398; 1 Greenleaf on Evidence, sec. 212.

The plaintiff was allowed, over the objections of the defendants, to ask Patrick O'Malley how much the latter had paid J. B. O'Malley on account of the building. This was competent under the plaintiff's theory that the defendants' contract with J. B. O'Malley was only for laying the brick. The amount paid was pertinent or relevant to that issue. Besides, we can not see how the evidence was prejudicial. The witness stated that he paid J. B. O'Malley $11,000, and that the amount was in full for all work done and materials furnished by him. This assignment will likewise be overruled.

Finding no error in the record the judgment of the circuit court will be affirmed. All the judges concur.