BROWN, *Appellant*, v. KIMMEL *et al.*

1.  **Pleading**: ACCOUNT STATED.   The petition alleged that the defendants were indebted to the plaintiff for professional services and moneys advanced, and contained a bill of items.   It further alleged that this bill was presented to the defendants, and, after the lapse of some months, returned by them without objection.   *Held*, that the latter allegation was of a matter of evidence, merely; that there was no allegation in the petition of the fact of an account stated or agreed upon between the parties; and that the cause of action, as stated, was a general *indebitatus assumpsit*.

2   **Indebitatus Assumpsit**: PRACTICE.   In an action upon an open account when there is some evidence of its correctness, although slight, it is sufficient to authorize the court to submit the case to the jury.

*Appeal from Cape Girardeau Court of Common Pleas.*—
HON. H. G. WILSON, Judge.

*Lewis Brown* for appellant.

*Houck & Ranney* for respondents.

NAPTON, J.—The point discussed by the counsel in this case is whether, in actions on stated accounts or *insimul*

*computassent*, the rules of evidence in regard to such actions are confined to dealings between merchants. That question was decided by this court in *Shepard v. Bank of Missouri*, (15 Mo. 143,) and that decision was recognized in the recent decision in *Powell v. P. R. R. Co.*, 65 Mo. 658. The rule of evidence no doubt originated in mercantile dealings and the reported cases usually relate to such dealings, but the principle seems to have been extended to all cases where the relation of debtor and creditor exists. (*Wiggins v. Burkham*, 10 Wallace 129.) The rule at best is a very flexible one and undoubtedly depends in its application on the circumstances of each case, to be judged by the nature of the transaction, the habits of the business in which it occurs and the course of trade. (*White v. Hampton*, 10 Iowa 238.) In a general way an account rendered by a creditor to his debtor, and not objected to within a reasonable time, is regarded as evidence of an account stated—that is of an account conceded by both parties to be correct. And it has been held that what is a reasonable time in which to make objections is a question of law to be determined by the court. There are cases in which this presumed acquiescence, arising from lapse of time and failure to object within a reasonable time, has been considered very slight evidence of the correctness of the account. *Kellam v. Preston*, 4 W. & Serg. 16; *Spangler v. Springer*, 22 Pa. St. 454; and others again, where the courts have regarded it as conclusive, except where fraud or mistake is clearly shown. (*Lockwood v. Thorn*, 11 N. Y. 170.) It will readily be perceived, on an examination of the numerous cases reported on this subject, that they have been decided on the peculiar circumstances attending each case, and most generally in proceedings in equity. In no case has such implied admission been held to be an estoppel— but simply a *prima facie* case throwing the burden of contradiction or explanation on the adverse party. The case of *Phillips v. Belden*, (2 Edw. Ch. R. 1, and *Hutchinson v.*

*Market Bank of Troy*, 48 Barb. R. 324,) contain quite an extensive discussion of the subject.

But it is unnecessary to examine the subject here, as the pleadings do not present the question. The action in this 1. PLEADING: account stated. case is not on an account stated. The petition states that the defendants are indebted to the plaintiff for professional services and moneys advanced, and, as is required by our practice act in such cases, (2 W. S. p. 1020, § 38,) a bill of items of the account is recited in the petition. It is further alleged that this bill or account, thus recited, was, on the 15th of December, 1875, presented to defendants, and, after the lapse of some months, returned without objection, and that it is still due, and judgment is asked for the balance stated in the account. It is not averred in the petition that the account was a stated one, in other words, that both defendants and plaintiff agreed to it. Their retention of the account, without objection, is stated, which is a matter of evidence that may lead to the conclusion which they failed to aver. Such averments of evidence are immaterial, and, though harmless, do not supply the place of an averment of the fact that both parties agreed to the account, 2 W. S., p. 1020, § 39. The action in this case is for professional services rendered defendants at their request, the particulars of which are stated in an account inserted in the petition, and a judgment is asked for the balance due, as exhibited in said account. In short, the action is what is termed, under the old system of pleading, a general *indebitatus assumpsit.* The answer was a simple denial of all the allegations of the petition. On the trial before a jury the plaintiff testified that on the 15th day of December, 1875, (the trial occurred in May, 1876,) he sent the account recited in the petition through the postoffice, in a letter, requesting defendants to sign a note for the balance due him; that no objection had been made to the account by the defendants until the first day of the then term of court, about a week before the trial; that plaintiff and defendants lived in the

same town, within three or four blocks of each other, and saw each other three or four times a week. This was all the evidence in the case. The defendants moved · the court for judgment because the evidence was insufficient to establish the account and the account was denied by the answer. The court sustained this motion, discharged the jury and gave judgment for defendants.

The only question for our consideration is whether the evidence above recited was sufficient to authorize the

2. INDEBITATUS ASSUMPSIT: practice. court to submit the case to the jury. Had the action been on an account stated, as the court and the counsel on either side seemed to think, there is no question that the evidence tended to establish such an issue in favor of the plaintiff. As the action was on an open account the point is not so clear. The failure or refusal to sign the note may be regarded as placing the case on grounds not very materially different from a failure or refusal to pay. The plaintiff had called the attention of defendants to this subject in a form which required some action on their part. Their silence was certainly some evidence of their acquiescence in the correctness of the account, and if the plaintiff was willing to risk his case on such slight evidence, it was not the duty of the court to interfere. In fact, the court gave the instruction, we suppose, on the ground advanced by the defendants' counsel here, and contested by the plaintiff, that the doctrine in regard to stated accounts applied only between merchants. With some hesitation, we have concluded it right, under the circumstances, to send the case back for a trial. Judgment reversed and cause remanded.

REVERSED.