MATTHEW WARD ET UX., Respondents, *v.* EDWARD FARRELLY ET UX., Appellants.

**November 23, 1880.**

1. An allegation that the plaintiff and the defendant "have had accountings and settlements" is not an averment of an account stated.
2. Evidence tending to show that the account was received and held by the defendant, who offered no objection to it, will not supply an omission to plead an account stated.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

SMITH & McCANN, for the appellants, cited: Rev. Stats., sect. 3547 ; *Brown* v. *Kimmel,* 67 Mo. 430 ; *Lee* v. *Abrams,* 12 Ill. 118 ; *Bishop* v. *Baldwin,* 14 Vt. 145 ; *s. c.* 17 Vt. 470 ; *Baxter* v. *Thompson,* 26 Vt. 559 ; *Bond* v. *Bank,* 2 Ga. 92.

H. E. MILLS, with B. W. PRESCOTT, for the respondents, cited: *Shepard* v. *Bank,* 15 Mo. 144 ; *Powell* v. *Railroad Co.,* 65 Mo. 658 ; *Brown* v. *Kimmel,* 67 Mo. 430.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs are husband and wife, and so are the

defendants. This is a suit for partition of real estate belonging to the wives. The answer alleges receipts of rents, etc., by the plaintiffs, and prays for an accounting. The plaintiffs' reply raises certain issues relating to receipts and disbursements, and alleges, among other matters, that at various times they " have had accountings with her, [the defendant wife] and settlements." At the hearing before a referee, it appeared that the plaintiffs had generally managed the property since April, 1874, and that on September 4, 1877, they delivered to the said defendant, then of age and unmarried, an account of the transactions up to that time, showing a balance in the plaintiffs' favor. The testimony tended to show that the defendant kept possession of the account, making no objection to the contents. The referee thereupon, against the defendants' objection, assumed the balance shown by the account as exhibiting the true condition of affairs at that date, and proceeded thence to continue his statement of the account between the parties by adding the subsequent items as proved. This gave to the account rendered in 1877 all the effect to which it would have been entitled if it had been properly pleaded as an account stated and agreed, with a promise to pay the balance struck.

The cause of action familiarly known as " account stated " is made up of several elements of fact, no one of which can be dispensed with. There must be an accounting between the parties, a balance ascertained, and a promise to pay such balance. When these elements concur, the indebtedness assumes a new form, so that it becomes no longer necessary to prove how it was originally created. But if any of them fail, the proofs must fall back upon the original cause or causes of action.

While it is not required that a pleading shall state either evidence or conclusions of law, it is yet essential that it aver every fact legally necessary to constitute the claim

of liability to be enforced. The pleading in this instance does not aver an account stated, and the referee simply allowed the plaintiffs to prove a case which was not in the record. The defendants had not been notified that they were to be held to an admission of a particular balance against them, and a promise to pay it. The terms "accounting" and "settlements," as used in the reply, do not imply so much.

It is not always necessary to prove an express promise to pay. The promise may be legally inferred from an acquiescence in the result of the accounting; which acquiescence, again, may be inferred from circumstances — such as the keeping of the account for a length of time and offering no objection against it. But such circumstances and such inferences cannot supply omissions in the pleadings. The most they can do will be to sustain the necessary averments in the pleadings when they are properly framed. In *Emory* v. *Pease*, 20 N. Y. 62, the court said: "The averment that the court had made a statement and delivered it to the defendant, who made no objection to it, does not necessarily establish the required conclusion, even if it has a tendency in that direction; and consequently we cannot hold that the fact of an account stated has been pleaded in any manner or form." It is thus apparent that if, in the present case, the plaintiffs' reply had gone further, and alleged that the "accountings" and "settlements" had been left with the defendant, and that she had made no objection to them, there would still have been no sufficient averment of an account stated.

The judgment must be reversed and the cause remanded. The other judges concur.