A. E. KENT ET AL., Appellants, v. S. L. HIGHLEYMAN, Respondent.

#### March 17, 1885.

ACCOUNT STATED—PROOF OF.—A specific promise to pay an account need not appear in an action on an account stated, but such a promise may be inferred from a retention of the account by the defendant for a length of time without objection.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Reversed and remanded.*

GIVEN CAMPBELL and J. O'NEILL RYAN, for the appellants: Where there has been an account examined and accepted by both parties the account becomes an account stated. This may be implied from circumstances. Keeping it any length of time without objection binds the debtor.—*Brown* v. *Kimmel*, 67 Mo. 431; *Lockwood* v. *Thorne*, 11 N. Y. 173. An account rendered and not objected to in a reasonable time is to be regarded by the party charged to be *prima facie* correct, and if certain items are objected to and others are not, the latter are covered by such admissions.— *Wiggins* v. *Burkham*, 10 Wall. 129; *Chisman* v. *Count*, 2 M. & G. 307.

FRANK J. BOWMAN, for the respondent.

THOMPSON, J., delivered the opinion of the Court.

In this action the plaintiffs seek to recover a balance alleged to be due upon an account stated. There was evidence tending to prove that, on or about October 30, 1882, the plaintiffs had rendered to the defendent a copy of the account sued on, and that the defendant had made no objection thereto until the bringing of this suit in

June, 1883. As appropriate to this evidence the plaintiffs requested the following instruction: "The court instructs the jury that if they find that plaintiffs, on or about October 30, 1882, rendered to defendant a copy of the account sued on, and that defendant made no objection to said account until the bringing of this suit in June, 1883, that then the defendant, by permitting such time to elapse without objection to said account, admitted the correctness of the same; and the jury will find a verdict for plaintiffs for the amount sued on with interest from October 30th, 1882, to date, at the rate of six per cent. per annum." This instruction the court refused to give, but gave of its own motion several instructions touching the plaintiffs' hypothesis of an account stated, in all of which the right of the plaintiffs to recover the balance claimed in their account, as upon an account stated, was made to depend upon a *promise* by the defendant to pay the same. The jury could only understand this language as referring to an express promise. These rulings were therefore erroneous. The theory of an account stated is, that the parties have accounted together, agreed upon a balance, and that the debtor has promised to pay it; and, accordingly, it is necessary for the plaintiff, in declaring upon an account stated, to allege that the defendant promised to pay the balance so found to be due.—*Brown* v. *Kimmel*, 67 Mo. 430 ; *Cape Girardeau, &c., R. Co.* v. *Kimmel*, 58 Mo. 83 ; *Ward* v. *Farrelly*, 9 Mo. App. 370. But it by no means follows that, in order to sustain such a declaration or petition, it is necessary for the plaintiff to prove an express promise on the part of the defendant to pay such balance. On the contrary, the law is, that if the plaintiff submitted the account to the defendant, requesting payment or settlement, and the latter retained it for a considerable period of time without making objection thereto, the jury may infer from this silence an acquiescence on the part of the defendant in the correctness of the account and a promise to pay the same.—*Brown* v. *Kimmel*, 67 Mo. 430; *Powell* v. *Pacific Railroad*, 65 Mo. 658 ; *Rowland* v. *Donovan*,

16 Mo. App.; *Ward* v. *Farrelly*, 9 Mo. App. 370. Applying this rule to the instruction refused, it is clear that it was rightly refused, because it contains an absolute direction to the jury to find for the plaintiff if they should find that the defendant retained the account without objection during the period therein stated. Our supreme court has given us a clear rule upon this point: "In no case has such implied admission been held to be an estoppel—but simply a *prima facie* case, throwing the burden of contradiction or explanation on the adverse party."—*Brown* v. *Kimmel*, 67 Mo. 430, 431. But the instructions which the court gave under this head when tested by this rule were all of them erroneous in their application to the evidence, and of a tendency to mislead the jury; because the jury could only infer from the language employed in them that in order to entitle the plaintiff to recover as upon an account stated, they must find that the defendant had made an express promise to pay the balance therein struck.

For this error the judgment of the circuit court is reversed and the cause remanded. All the judges concur.