## McCORMACK, *Appellant*, v. SAWYER.

### DIVISION TWO.

**Account Stated, Evidence of.**   Proof that plaintiff had mailed to defendant a statement of the account between them, that the defendant had admitted its receipt and the correctness of the statement it contained and had stated to plaintiff, " if he was able to pay he would," is sufficient evidence of an account stated to be submitted to the jury.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

REVERSED AND REMANDED.

McCormack v. Sawyer.

THIS case was heard on the following petition and answer:

"William G. McCormack,
                    Plaintiff,
        *v.*
"Charles H. Sawyer,
                    Defendant.

"Plaintiff states that on, to-wit, the twelfth day of December, 1883, defendant was indebted to the firm of Smith, McCormack & Co. in the sum of $14,941.60 for money then found to be due from said defendant to said Smith, McCormack & Co., upon an account stated between them; which said sum the defendant then and there promised to pay the said Smith, McCormack & Co.; that on, to-wit, the first day of January, 1884, defendant paid on account of said indebtedness the sum of five thousand dollars ($5,000) by note of one S. F. Cathings; that the balance of $9,941.60 and interest from said twelfth day of December, 1883, is still due and wholly unpaid.

"And plaintiff further states that on, to-wit, the twenty-eighth day of March, 1885, said Smith, McCormack & Co. assigned said demand to John R. Christian; that on, to-wit, the twenty-sixth day of May, 1888, said John R. Christian assigned said demand to William G. McCormack, plaintiff.

"Wherefore plaintiff asks judgment against the defendant for the sum of $9,941.60, together with interest thereon from the twelfth day of December, 1883, at the rate of six per centum per annum, and his costs.

"By CHRISTIAN & WIND,
                    "His Attorneys."

To which petition the defendant filed the following answer:

"ANSWER OF DEFENDANT.

"*First.* Defendant comes by attorney and leave of court, files this his amended answer to the amended petition of the plaintiff herein, and for his first defense

to said petition denies each and all allegations therein contained.

"*Second.* Defendant, for second defense to plaintiff's petition, says: That during the year, 1883, the firm of Smith, McCormack & Co., of which plaintiff was a member, was engaged in the business of making contracts for the future purchase or sale of corn, oats, wheat and other produce in the city of Chicago, and state of Illinois ; that this defendant was engaged at said time in making contracts for the purchase and sale upon future delivery of corn, oats, wheat and other produce for his customers in the city of St. Louis and state of Missouri, and was doing business in the firm-name of Charles H. Sawyer ; that Smith, McCormack & Co., were defendant correspondents at Chicago, and upon his orders had executed for him and had upon their books a large number of said contracts for future delivery during the fall of 1883 ; that, in the course of the business carried on by said Smith, McCormack & Co. and defendant, it is usual to require customers to margin contracts for future delivery—that is, to deposit a sum of money with the broker or agent having the contract which will indemnify him against loss according to the fluctuation and changes in the market price for the thing contracted for ; that Smith, McCormack & Co. were correspondents for the defendant, entered into agreement and contracts whereby they agreed to carry the deals or contracts made for certain of defendant's customers upon the condition that said deals or contracts should be kept by said customers margined, upon the call of defendant or upon the call of Smith, McCormack & Co.; that said agreement was in writing and was in all respects carried out by defendant and by his customers therein referred to ; that said Smith, McCormack & Co. further agreed and contracted with the defendant with reference to the deals of one Ogden Fontain whose account was placed by said Smith, McCormack & Co., and charged against this defendant ; t<sup></sup> at s ud deal

should be carried to its maturity without any additional margin from defendant or from Ogden Fontain; that on the third of December, 1883, in utter disregard and violation of which said contracts and agreements said Smith, McCormack & Co., without notifying this defendant, closed out all the contracts and deals on their books made or charged to this defendant; that, by reason of this breach of their contract and good faith, this defendant was injured and damaged in the sum of $10,000, being the amount which would have been due this defendant upon the faithful execution and performance of the said Smith, McCormack & Co., of the two aforesaid agreement and contracts.

"Wherefore defendant prays judgment against plaintiff as a member of the firm of Smith, McCormack & Co., for the sum of $10,000, interest and costs.

" *Third.* For a third defense to plaintiff's petition states that, during the year 1883, the firm of Smith, McCormack & Co. were engaged in making wagering contracts for their customers on the future state of the markets in corn, oats, wheat and other produce in the city of Chicago and state of Illinois, and while so engaged agreed and contracted to take deals and take wagering contracts in the name of this defendant on the future state of the markets as a part of such agreement, to make settlements with him of all transactions so entered into upon the basis only of the $\dfrac{}{t}$ in the state of the markets at the time of making and closing out such deals without any actual delivery of the produce bought or sold through their intervention.

"That the alleged account sued on by plaintiff arose solely out of transaction so entered into by said Smith, McCormack & Co. in the course of their aforesaid business.

"That defendant expressly repudiated all of the transactions and contracts so made and entered into by said Smith, McCormack & Co.; that plaintiff, in this suit, well knew the nature of the dealings between

Smith, McCormack & Co. and this defendant, and the full particulars of the creation of the alleged claim of Smith, McCormack & Co. at the time and before the alleged assignment thereof to plaintiff.

"All of which matters defendant answers as a complete bar to any right of recovery in this suit.

"H. W. BOND,

"R. L. McLAREN,

"Attorneys for Defendant."

To which plaintiff filed the following replication :

"Plaintiff, for his replication to the new matter in defendant's answer, denies each and every allegation therein stated.          CHRISTIAN & WIND,

"Attorneys for Plaintiff."

Plaintiff proved the assignment of the account sued on to him; that a copy was in 1883 mailed to defendants; that, in another case, in which the defendant was a party, he testified that he had received the account in due time, and that the same was a correct statement of the transactions between him and Smith, McCormack & Co.

Plaintiff testified that, after the account was mailed to defendant, he saw him a number of times, and they had several conversations in reference to the matter. At these various conversations defendant always said that he did not have any money ; that a number of his customers owed him ; that his former partner also owed him, and he did not know when he could pay, "and if he was able to pay that he would."

On cross-examination of plaintiff, this question and answer were made : "Q. Mr. McCormack, I am going to ask you this question: Will you swear that Mr. Sawyer ever told you, in any conversation he had with you, that he would pay this account sued on in this case? A. Yes, sir; certainly he did.

"Q. That he would pay it? A. Yes, sir."

Plaintiff then closed his case, when the court sustained a demurrer to the evidence.

McCormack v. Sawyer.

The court, in sustaining the demurrer, said, in substance:

That, to sustain an account stated, it is necessary to prove that the parties agreed that a certain fixed and definite amount was agreed upon as due, and that there was a promise expressly, or by necessary implication, that it would be paid. That mailing an account to defendant, and he saying that he had received it, and that he hoped some day to be able to pay it, falls far short of sustaining such an account. That the parties must agree that the amount stated in the account was correct, and that amount would be paid.

Plaintiff took a nonsuit, with leave.

*Christian & Wind* for appellant.

(1) The answer is inconsistent, and, to be reconciled, the general denial must be disregarded. The affirmative defenses admit the account. *Bond v. Long*, 87 Mo. 266; *Sheppard v. Starrett*, 35 Mo. 367. (2) The court erred in not permitting plaintiff to read the account to the jury, after proving that a copy had been mailed to defendant. It was not an original paper, and, as the one mailed defendant and the one filed are copies, one is as competent as the other. *Hart v. Robinett*, 5 Mo. 11; *Hughes v. Hays*, 4 Mo. 209; *Barr v. Armstrong*, 56 Mo. 577; *Cross v. Williams*, 72 Mo. 577. (3) The demurrer to the evidence ought not to have been sustained. If plaintiff had simply mailed the account to defendant, and he had kept it an unreasonable time without objection, this would have been sufficient. *Brown v. Kimmel*, 67 Mo. 430; *Hill v. Johnson*, 38 Mo. App. 383; *Hanes v. Page*, 23 Pac. Rep. 961; *Powell v. Railroad*, 65 Mo. 658. But we go much further, and prove conversations in which defendant says, "I can't pay, as I have no money, but would pay if I could." This is equivalent to saying: "Yes, I owe the account; it is all right, but I can't pay it, but will when I get the money."

*Kent v. Highleyman*, 17 Mo. App. 9. ( 4 ) The court erred in not allowing proof of the copartnership of Fontain, and the statement of Fontain in reference to this account. 1 Greenl. Ev., sec. 112.

*Gibson, Bond & Gibson* for respondent.

( 1 ) In suits upon accounts stated, "the settlement itself, or rather the defendant's assent in some shape to a balance found due, is none the less essential as the very bottom upon which the rights of recovery rests." *State Line v. Kimmel*, 58 Mo. 85. ( 2 ) Proof that the creditor mailed the debtor an account does not, without more, prove an account stated. *Rowland v. Donovan*, 16 Mo. App. 554.

GANTT, P. J.—As will appear from the statement of this case, this is an action for a balance alleged to be due upon an account-stated. The petition contains all the allegations essential to a good declaration upon an account stated at common law.

Upon the trial the plaintiff proved the assignment of the account, by Smith, McCormack & Co., to John R. Christian and an assignment by Christian to plaintiff. Plaintiff then proved that a copy of the account, showing the balance sued for, was in 1883 mailed to defendant ; that, in another case in which defendant was a party, he testified he had received the account in due time, and that it was a correct statement of the transactions between defendant and Smith, McCormack & Co. Plaintiff, also, offered evidence that, after the account was mailed to defendant, he saw him a number of times and they had several conversations in reference to the matter and defendant said, "if he was able to pay he would." Upon this showing, the circuit court sustained a demurrer to the evidence, and, in so doing, committed manifest error.

The trial judge is reported in the "*record*" as holding, "that mailing an account to defendant and he saying that he had received it and that he hoped some day to be able to pay it, falls far short of sustaining such an account."

In *Brown v. Kimmel*, 67 Mo. 430, Judge NAPTON, speaking for the court, says: "In a general way an account rendered by a creditor to his debtor, *and not objected to* within a reasonable time, is regarded as evidence of an account stated,—that is, of an account conceded by both parties to be correct."

On the trial plaintiff testified, that on December 15, 1875, he sent the account recited in the petition through the post-office in a letter requesting defendant to sign a note for the balance due him; that no objection has been made to the account by the defendant until the first day of. the then term of court, about a week before the trial; that plaintiff and defendant lived in the same town and saw each other three or four times a week. This was all the evidence. The trial court sustained a demurrer to the evidence, and this court reversed the case, saying: "Had the action been on an account stated, there is no question that the evidence tended to establish such an issue in favor of plaintiff."

We have never known the authority of this case questioned, and it is daily invoked in the practice. *Kent v. Highleyman*, 17 Mo. App. 9; *Powell v. Railroad*, 65 Mo. 658. In this case, however, not only was the account delivered to defendant and no objection made thereto, but plaintiff went further and offered direct evidence of a promise to pay it after it was rendered.

For the error in sustaining the demurrer to the evidence and taking the case from the jury, the judgment is reversed and the cause remanded for a new trial. All the judges of this division concur.