MILTON M. MCKEEN et al., Respondents, v. THE BOATMEN'S BANK, Appellant.

St. Louis Court of Appeals, March 29, 1898.

1. **Bank:** DEPOSITOR: DEBTOR AND CREDITOR. The relation of debtor and creditor exists between a depositor and the bank in which he deposits.

2. Bank: ACCOUNT STATED: DEPOSITOR. The entry of debits and credits in respondent's pass book and striking a balance, and the delivery of the book in this condition with the canceled checks, constituted a rendition of account, and the retention of the account thus stated by the respondents beyond a reasonable time, without objection, made an account stated between the bank and respondent.

3. ———: ———. The reasonableness of the time in which the customer of a bank should make his objection to an account thus stated, is a question of law for the court, and not a question of fact to be submitted to the jury.

4. Bank: SIGNATURE OF CUSTOMERS: EVIDENCE. A bank is bound to know the signature of its customer to checks, and where it pays a check having the forged signature of its customer, it is at fault, and the loss originates by the reason of this fault, and it should be made to bear this loss, unless there is some cogent reason for shifting it onto the customer, and if such reason exists the burden to prove it should be on the bank.

5. Account Stated: EQUITY. That a settled account or an account stated and agreed on between the parties can only be opened for examination and restatement on account of alleged fraud, mistake or error by bill in equity is well settled.

6. *Held*, that the facts in this case warranted an action at law instead of proceeding by bill in equity.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROKE R. FLITCRAFT, Judge.

AFFIRMED.

JUDSON & TAUSSIG for appellant.

The relation between a bank and a depositor therein is that of debtor and creditor. 1 Morse on Banks and Banking [3 Ed.], sec. 289; Newark on Bank Deposits, sec. 103; Bank v. Risley, 111 U. S. 125–127; Bank v. Morgan, 117 U. S. 104–106; State v. Reid, 125 Mo. 51; Knecht v. U. S. Sav. Inst., 2 Mo. App. 564. It therefore follows that the entry of debits and credits in the customer's pass-book and striking a balance, and delivering the book with canceled checks by the bank to the depositor, constitutes

in law the rendition of an account, and the retention of that account by the depositor beyond a reasonable time, without objection, makes an account stated between the bank and the depositor. 1 Morse on Banks and Banking [3 Ed.], sec. 290; Grant on Banking [4 Ed.], 195; Bolles on Banks and Depositors, sec. 199; Shepard v. Bank, 15 Mo. 143; Bank v. Morgan, 118 U. S. 106; Peddicord v. Connard, 85 Ill. 102. The unexplained delay of over five weeks to look into a statement, where a moment's inspection would have discovered the alleged forgery, was clearly unreasonable. It is the duty of the depositor to make prompt examination. Bank v. Morgan, 117 U. S. 104. The testimony of plaintiffs having established an account stated, they clearly could not recover upon the theory of an open account set out in the petition. Plaintiffs made no offer to amend, and must therefore stand upon the petition filed. They can not sue upon an open account and recover by surcharging and falsifying an account stated. Kronemeyer v. Binz, 56 Mo. 121; Quinlin v. Keiser, 66 Mo. 603; State ex rel. v. Ewing, 116 Mo. 136. The law is well settled in this state in cases of contracts with carriers, that a shipper is bound by the contract stipulations contained in the receipt given him by the carrier for his goods. By receiving the receipt he is conclusively presumed to read and accept the same. Snider v. Adams Exp. Co., 73 Mo. 376; O'Bryan v. Kinney, 74 Mo. 425. A fortiori, a party is bound by contractual stipulations contained in a receipt which he signs, the contents of which he is conclusively presumed to know and accept. The contract between bank and depositor fixing the ten day limitation was reasonable, and not only did not contravene, but was supported by sound public policy, enforcing promptness in the performance of an admitted duty. Express Co. v. Caldwell, 21 Wall.

264, citing and following Lewis v. R. R., 5 Hurlst. & N. 867.

LAUGHLIN, TANSEY & LAUGHLIN for respondents.

Appellant contends that plaintiff is estopped from asserting his claim, and the entire fabric of technicality in its brief leads to this climax. But to invoke the principle of estoppel, appellant must show that it had suffered actual injury by the delay, and whether it has done so or not is a question for the jury. Wind v. Bank, 39 Mo. App. 87; Acton v. Dooley, 74 Mo. 63; Rogers v. Marsh, 73 Mo. 64; Spurlock v. Sproule, 72 Mo. 503; Eitelgeorge v. Ass'n, 69 Mo. 52; Conrad v. Fisher, 37 Mo. App. 313; Block v. Price, 24 Mo. App. 14; Bank v. Bank, 152 Ill. 296; Dam v. Bank, 132 Mass. 156; Bank v. Bank, 22 Neb. 769; Bank v. Bank, 17 A. R. 889; Bank v. Bank, 3 Comst. 230; Belknap v. Nat. N. A., 100 Mass. 379; Hardy v. Bank, 51 Md. 562; Bank v. Capps, 91 Pa. St. 315. To evade the doctrine laid down in Wind v. Bank, *supra*, appellant seeks to distinguish its case by the contention that an "express contract" relieved it from the duty of establishing the element of actual injury, and that in view of the legal relations created by such contract, the element of injury must be conclusively presumed. The "express contract" was a printed notice. "All claims for reclamation must be made within ten days," on the back of the receipt which respondent's agent was compelled to sign before receiving the canceled checks, and the authorities cited to support its legal status are cases dealing solely with common carriers and bills of lading. This notice was not a contract. Levering v. Union Trans. & Ins. Co., 42 Mo. 88. The reasons which support appellant's authorities are founded solely in common carrier law. Schouler's Bailments

and Carriers, sec. 464. And with the broad statement that even if this notice purported to be a special contract it would not be binding without a consideration, we dismiss the matter from further consideration. McFadden v. R'y, 92 Mo. 343. We do not deem appellant's contention that respondent pleaded an open account and proved an account stated worthy of serious consideration. 2 Morse on Banking, pp. 358, 503, and citations; Bank v. Barnes, 26 Ill. 169; Weiser v. Dennison, 10 N. Y. 68; Bank v. Morgan, 117 U. S. 96; Wind v. Bank, 39 Mo. App. 87. Respondents not only not acquiescing in the rule of the bank, but not even knowing of its existence, are not bound thereby. Bank v. Smith, 19 Johns. 115; Ackenhauser v. Bank, 33 L. R. A. 408.

BLAND, P. J.—The petition stated that the plaintiffs (respondents) were members of a copartnership doing a general commission business in the city of St. Louis, under the partnership name of M. M. McKeen & Company; that defendant is a banking corporation organized under the laws of the state of Missouri and doing a banking business in the same city; that for many years past the plaintiffs had been in the habit of keeping on deposit with the defendant bank large sums of money, in the name of M. M. McKeen & Company; that prior to May 23, 1895, they deposited with the defendant $480 to be paid to them on demand; that on May 23, 1895, they demanded payment of the said sum of $480 of the defendant bank, and that payment was refused. The answer was, *first,* a general denial. *Second.* That a certain check for $480, in favor of one H. J. Cory, made and indorsed by plaintiffs, was presented to and paid by defendant on April 13, 1895, and that plaintiffs now allege that the signature and indorsement of such check was forged, though before

defendant paid it it inquired of plaintiffs if the indorsements were correct and plaintiffs ratified it and by their statements induced defendant to pay the check. *Third.* That on the day of the payment of this check plaintiffs left their pass-book with defendant and requested that the same be balanced, and the same was balanced and returned on the next business day, with the check in question, and plaintiffs retained the pass-book and canceled checks for an unreasonable length of time without objection, to the prejudice and loss of defendant, wherefore defendant asserts that plaintiffs were estopped from claiming any sum. And for a fourth defense defendant set up the custom and rule of defendant, well known to and acted upon by plaintiffs in their business with defendant for many years, whereunder an agreement in writing was made between plaintiffs and defendant that all claims for reclamation should be made within ten days after the canceled checks were returned with the balancing of the pass-book. That such agreement in writing was made in this case on the fifteenth of April, two days after the payment of the check in question, and no claim for reclamation was made within ten days, nor for a long time thereafter.

It appeared from the testimony that the firm of M. M. McKeen & Company had been depositors in the defendant bank for about twenty years continuously, and that from time to time their pass-book was balanced by the bank officers and their checks and orders drawn on the bank were canceled and returned to them with the pass-book, after the same had been balanced. On these occasions the plaintiffs were required and gave a receipt to the bank for the checks and orders, which receipt contained this clause: "*All claims for reclamation to be made within ten days from date.*" On Saturday, April 13, 1895, a check dated on

that day, numbered 86,778 for $480, payable to H. J. Cory, purporting to be drawn by M. M. McKeen & Company on the defendant bank, indorsed H. J. Cory, M. M. McKeen & Company, was presented to the defendant bank, and by it paid.   On the fifteenth of the same month the pass-book of the plaintiffs was balanced by the bank and all checks of plaintiffs in the possession of the bank, including the one herein described, were returned with the balanced pass-book to the plaintiffs, they (the plaintiffs) giving the customary receipt for the checks.   No examination of these checks was made by plaintiffs until the twenty-second day of May following, when they discovered for the first time the check for $480, which they claim was a forgery.   There was some circumstances tending to show that the check was genuine, but the weight of the testimony was that it was a forgery, and the appellant's counsel virtually concedes that it was a forgery by their brief and argument.   H. J. Cory was not known to the plaintiff or to any of the officers of the bank, and his identity had not been discovered by any of the parties up to the day of the trial, so far as the evidence discloses.   At the conclusion of plaintiffs testimony the court, at the instance of the defendant, instructed the jury that upon the pleadings and testimony the plaintiffs could not recover.   A verdict was returned for defendant.   Plaintiffs filed motion for new trial, which was by the court sustained on the ground that the court erred in giving the instruction to the jury, that upon the pleadings and testimony the plaintiffs could not recover.   From this ruling the defendant appealed.

Appellant's first contention is that the relation between a bank and a depositor therein is that of *debtor* and *creditor*.   That such is the relation between a bank and a depositor is not controverted by the respondents, and the law is that way.   State v. Reid, 125 Mo. 51;

Knecht v. U. S. Sav. Inst., 2 Mo. App. 564; Bank v. Morgan, 117 U. S. 104; 1 Morse on Banking [3 Ed.], sec. 289. With the delivery of the check in question and pass-book 469, other checks were delivered on April 15, and the pass-book showed on the deposit side $27,155.52, and on the debit side by canceled checks $25,030.26. Balance $2,125.26. The pass-book and checks were receipted for by the respondents as per custom, the receipt containing this clause: "*All claims for reclamation to be made within ten days.*" On this state of facts the second contention of appellant is, that the entry of debits and credits in respondents pass-book and striking a balance, and the delivery of the book in this condition with the canceled checks constituted a rendition of account, and that the retention of the account thus stated by the respondents beyond a reasonable time, without objection, made an account stated between the bank and respondents. That this is the rule among merchants is beyond question. Upon both reason and authority the same rule prevails between a bank and its depositor, and all other persons between whom are accounts of transactions in the ordinary course of business. Shepard v. Bank, 15 Mo. 141; Powell v. R. R., 65 Mo. 658; Brown v. Kimmel, 67 Mo. 430; McCormick v. Sawyer, 104 Mo. 43; Bank v. Morgan, 117 U. S. 106; 1 Morse on Banking [3 Ed.], 290. The facts are undisputed that the pass-book and canceled checks were delivered to respondents on April 15, and that no examination was made of the book or checks until May 22 following. The testimony of Charles S. McKeen, one of the members of the firm, was that he made nearly all the deposits in the bank and made out most of the checks; that it was his habit to examine the pass-book and canceled checks after a balancing up of the book by the bank at such

ENTRY of debits and credits in pass-book make account stated.

times as he found it convenient and he could spare the time from his other duties; that when he made the examination on May 22 he discovered the forged check for $480 right away, and would have discovered it in a very few minutes at any time before this had he made an examination of the returned checks. On this state of facts did the respondents retain the account for an unreasonable time without objection? The retention of the account beyond a reasonable time by the customer without objection where there is no dispute as to the time of the rendition of the account, and the time of making the objection, the reasonableness of the time in which the customer should make his objection is a question of law for the court, and not a question of fact to be submitted to the jury by hypothetical instruction. Powell v. R. R., 65 Mo. loc. cit. 662; Sherman v. Sherman, 2 Vern. 276; Comer v. Way, 107 Ala. 300; s. c., 54 Am. St. Rep. 93; Aymar v. Beers, 17 Am. Dec. 584. The only explanation offered for postponing the examination of the account rendered and the checks, was that respondents' time had been occupied with other business and they had no leisure time to devote to the examination until May 22.

"The object of a pass-book is to inform the depositor from time to time of the condition of his account as it appears upon the book of the bank. It not only enables him to discover errors to his prejudice, but supplies evidence in his favor, in the event of litigation or dispute with the bank. In this way it operates to protect him against carelessness or fraud of the bank." The sending of the pass-book to be written up and returned with the vouchers is theiefore in effect a demand to know what the bank claims to be the state of his account," says Justice HARLAN in Bank v. Morgan, *supra*.

Vol. 74 app—19

In this case the bank asked for the pass-book to be written up. The invitation to examine the account and the vouchers in this instance was from the bank to the depositor; nor was this all; the respondents receipted for the vouchers and agreed in writing with the bank to make the examination in ten days and to give notice of reclamation if the account was found erroneous or incorrect. The time was reasonable; the contract was for the mutual benefit of both parties, and imposed on the respondents no higher or greater duty than the law imposed upon them independent of the contract. It fixed the time for notice of reclamation, but imposed no additional burden on respondents, and they should be held to its observance. In fairness to the bank to afford it a timely opportunity to protect itself against a forger, the law, as well as the contract of respondents, imposed upon them the duty of prompt examination. Bank v. Morgan, *supra*. Their failure to comply with their agreement to make reclamation in ten days and with their legal duty to examine the checks in a reasonable time, raises the presumption that they acquiesced in the statement of their account as rendered by the bank, but this is only *prima facie* so, and the respondents are not estopped by this negligence and want of compliance with their agreement to deny the genuineness of the check, nor conclusively presumed to have acquiesced in the account as rendered. Bank v. Busby, 45 Mich. 135; Hardy v. Bank, 51 Md. 562; Weisser v. Denison, 10 N. Y. 68; Welch v. Bank, 73 N. Y. 424; Frank v. Bank, 84 N. Y. 209; Ketcham v. Duncan, 96 U. S. 659.

All that can be said of this non-action on the part of the respondents is, that it was negligence, and negligence for which they must answer, if the bank suffered loss thereby; that loss, however, must have

been actual, not merely theoretical. Wind v. Bank, 39 Mo. App. 72.

In Bank v. Morgan, *supra*, the contrary doctrine is announced by the United States Supreme Court, i. e., that the bank is not bound to show actual loss in such circumstances. The authorities on this point are conflicting. A review of them would be of no profit, as we are satisfied with the correctness of the decision in the Wind case, and believe it to be well supported by both authority and sound reason. The general rule is that he who avers a loss or damage through the negligence of another, must to entitle him to recover, prove both the negligence and the loss or damage, and we are unable to perceive any sound reason to make an exception to this rule in favor of a bank, where its officers have inadvertently paid a forged check. A bank is bound to know the signature of its customer to checks, and where it pays a check having the forged signature of its customer, it is at fault, and the loss originates by the reason of this fault, and it should be made to bear that loss, unless there is some cogent reason for shifting it onto the customer, and if such reason exists the burden to prove it, it seems to us, should be on the bank. It is contended, that as the account between respondents and the bank was a stated account, the action should have been in equity, and that no action at law lies. That a settled account or an account stated and agreed on between the parties can only be opened for examination and restatement on account of alleged fraud, mistake or error by bill in equity, is well settled. Kronenberger v. Binz, 56 Mo. 121; Moore & Porter v. McCullough, 8 Mo. 401; Quinlan v. Keiser, 66 Mo. 603; State ex rel. v. Ewing, 116 Mo. loc. cit. 136. The issues raised by the pleadings in the case are, *first*, a general denial of plaintiffs' stated cause of action, and,

*second*, estoppel, by reason, *first*, of plaintiffs' failure to make prompt examination of pass-book and checks, and to give notice of the forgery; *second*, failure to make reclamation in ten days as required by written agreement, and, *third*, the custom and established rule of the bank to require reclamation to be made in ten days after pass-book had been balanced and returned to the depositor with canceled checks. A settlement of accounts is not pleaded, and was not raised on the trial. The issues that are raised are issues of fact properly triable by jury. All the cases to which our attention has been called furnish precedents for the prosecution of this kind of a case at law. Bank v. Morgan, *supra;* Hardy v. Bank, *supra;* Wind v. Bank, *supra;* Dana v. Bank, 132 Mass. 156; Weinstein v. Bank, 69 Tex. 38; Bank v. Allen, 100 Ala. 476. The trial court sustained the motion for new trial on the ground that the court erred in giving the peremptory instruction to the jury at the close of plaintiffs' case, that under the pleadings and evidence the plaintiffs could not recover. This ruling was correct and meets our approval. The order granting the new trial is affirmed. All concur.