## W. H. McGUIRE, Appellant, v. J. W. DE FRESE, Respondent.

### Kansas City Court of Appeals, January 2, 1899.

1. **Account:** OPEN V. STATED: RECOVERY. One can not declare on an itemized account and recover on an account stated.

2. **Witnesses:** HUSBAND AND WIFE: AGENCY. Where the evidence discloses that the wife is the husband's agent, she is a competent witness in his behalf in regard to the matters within such agency.

3. **Appellate Practice:** SHORT APPEAL: ABSTRACTS. Where an appeal is perfected on the short method and the abstracts disagree in regard to the testimony and defendant's abstract is not disputed, his version is taken to be correct.

*Appeal from the Polk Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

RECHOW & PUFAHL for appellant.

(1) Mrs. De Frese, wife of defendant, was not a competent witness to testify to any of the facts related

by her. Holman v. Bachus, 73 Mo. 49; McFadin v. Catron, 120 Mo. 274; Waddle v. McWilliams, 21 Mo. App. 299; Herndon v. Triple Alliance, 45 Mo. App. 430; Brandon v. Dawson, 51 Mo. App. 244; Rider v. Culp, 68 Mo. App. 531; Basye v. Railroad, 65 Mo. App. 475; R. S. 1889, sec. 8922; Reno v. Kingsbury, 39 Mo. App. 243. (2) Instruction number 3 asked by plaintiff and refused by the court should have been given; it is a correct proposition of law on the theory of an account stated, and there was ample evidence to entitle plaintiff to go to the jury on that theory of his case. Powell v. Railroad, 65 Mo. 661; Brown v. Kimmell, 67 Mo. 430; McCormack v. Sawyer, 104 Mo. 43; Kent v. Highleyman, 17 Mo. App. 9; Kent v. Highleyman, 28 Mo. App. 620; Burger v. Burger, 34 Mo. App. 155; Robertson v. Tapley, 48 Mo. App. 242; Marmon v. Waller, 53 Mo. App. 614; Mulford v. Caesar, 53 Mo. App. 269.

UPTON & SKINKER for respondent.

(1) Instruction number 3 asked by plaintiff was properly refused. The suit is upon an open account and not upon an account stated; besides there was no evidence upon which to base it. Brown v. Kimmel, 67 Mo. 430; Kent v. Highleyman, 17 Mo. App. 9. (2) The undisputed evidence shows that Mrs. De Frese took all the produce to plaintiff's store, took the due bills in her own name, kept them in her possession, and transacted all the business in relation thereto herself, as the agent of her husband. The only objection made by the plaintiff was that she was not competent for any purpose, and not that her evidence was not within the scope of her agency, and this the court properly overruled. Curry v. Stephens, 84 Mo. 442. The plaintiff claims only $2.89 and so far at

least as an appellate court is concerned, we think the case is within the maxim, *"De minimis non curat lex."* Paxson v. Drayage Co., 55 Mo. App. 566; Hackworth v. Zeitinger, 48 Mo. App. 32; Campbell v. King, 32 Mo. App. 47; Railroad v. Railway, 2 Mo. App. 69.

ELLISON, J.—This action is based on an itemized account with certain itemized credits. At the trial plaintiff for the purpose of showing that the account was an "account stated" offered to prove that it had been sent to defendant and was retained by him for a long space of time without objection. The evidence was refused by the trial court. The ruling was correct. One can not declare on an itemized account and recover on an account stated. Brown v. Kimmel, 67 Mo. 430; see, also, Kent v. Highleyman, 17 Mo. App. 9.

2. Defendant's wife was allowed to testify as a witness in his behalf. The evidence showed that some of the credits arose from "due bills" given by plaintiff to defendant's wife and in her name. The bills were for articles of produce which defendant's wife sold to plaintiff and for which the husband was to be credited on account. The wife attended to this part of the business and when a settlement, stated in testimony, was being had, the wife, plaintiff and defendant being present, the wife took out the bills and handed them to her husband who handed them over to plaintiff. The evidence disclosed that as to the matter of the due bills the wife was her husband's agent. She was, therefore, a competent witness in his behalf in this respect. R. S. 1889, sec. 8922.

3. The case is here on a certificate of the judgment, without a full transcript and the testimony is not stated alike in the respective abstracts of the parties. Defendant's abstract is not disputed by

plaintiff. The case then is not in condition to have a certified transcript of the record in dispute and we assume the defendant's version to be correct. R. S. 1889, sec. 2253. Plaintiff's version of a part of the evidence is that the wife stated she knew the correctness of the amount of the due bills for the reason that her daughter counted them. Whereas the defendant's version is that she knew because *she and* her daughter went over them together. On the question of the wife's agency and as to what she did in the matter the defendant's abstract embraces important matter omitted in plaintiff's abstract and by it the case is not so narrowly confined as would appear by plaintiff's presentation.

For the foregoing reasons we feel constrained to affirm the judgment. All concur.