A. J. McDONALD, Appellant, v. OLIVER C.
MOSSMAN, Respondent.

Kansas City Court of Appeals, July 6, 1914.

1. **ACCOUNTS: Practice: Uncontradicted Oral Testimony: Discretion of Jury.** When plaintiff's allegations are denied, and the evidence introduced by plaintiff to sustain the issues, on his part is oral and by which plaintiff has made a prima-facie case, the defendant is nevertheless entitled to have the issue of fact submitted to the jury though the plaintiff's evidence is uncontradicted and unimpeached. Uncontradicted testimony cannot be treated as conceded facts.

2. ————: ————: ————: **Suit on Open Account.** Where the suit is on an open account one of the elements of plaintiff's case is that his charges are reasonable, and the burden is on plaintiff to sustain this element. And the jury are the judges of the facts. Letters written by defendant, even though admitted by him, cannot be given the effect of a conclusive admission as to the charges being reasonable since to do so is to raise them to the status of a new promise or undertaking which created a new cause of action between the parties. This, would permit plaintiff to recover as upon an account stated, which cannot be done where the suit is brought on the open account.

3. ————: ————: ————: ————: **Originating in Justice Court.** Because the suit originated in a justice court does not give the court the right to treat it as a suit on an account stated. The cause of action is different in the two suits and there was nothing filed with the justice showing the new cause of action. Besides, plaintiff by offering testimony to show the charges were reasonable cannot claim the suit is on a stated account.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich,* Judge.

AFFIRMED.

*Metcalf, Brady & Sherman* for appellant.

*W. W. Colvin* for respondent.

TRIMBLE, J.—This is a suit to recover the balance due on an account for dental services. Defendant paid $100 on the account but refused to pay more. The suit was instituted in a justice court from which it was appealed and tried *de novo* before a jury in the circuit court. Defendant admits that the work sued for was done, and that its quality and character were satisfactory. He has no complaint to make on either of these scores. His sole contention at the trial was that the charges were unreasonable. There was no evidence whatever to show that they were unreasonable, and at the close of all the testimony plaintiff asked a peremptory instruction directing the jury to find for plaintiff for the amount sued for. This was refused by the court and plaintiff declined to ask any further instructions. The case was thereupon submitted to the jury on defendant's instructions. The jury found for defendant and plaintiff has appealed alleging as error the refusal to give the peremptory instruction to find for plaintiff.

Plaintiff was certainly not entitled to a peremptory instruction in his favor because of the fact that defendant offered no testimony tending to show the charges were unreasonable. If that were the only ground on which to base the instruction, its refusal was clearly not error. Because the jury are the sole judges of the weight of the testimony and of the credibility of the witnesses. And in a case where the facts, or any essential fact or facts, are controverted and the testimony is oral, the court cannot tell the jury it must believe plaintiff's witnesses. This is so even where the testimony is all one way because the plaintiff has the burden of proof and the weight and value of the testimony are for the jury to pass upon, not the court. "Where an issue of fact is controverted and oral testimony must be relied on as proof of the truth, though the testimony given on one side of the issue is uncontradicted, the jury has the right to find against it; sub-

ject of course, to the power of the trial court to grant a new trial." [First State Bank of Corwith v. Hammond, 124 Mo. App. 177, l. c. 181.] "Where allegations are denied by the answer, and oral evidence is introduced by the plaintiff to sustain the issues on his part, the defendant is entitled to have the jury pass upon the evidence, though he offers no evidence at all." [Johnson v. Grayson, 230 Mo. 380, l. c. 384.] "When the allegations of the plaintiff's petition are denied by answer, and the plaintiff has the burden of proof, and the evidence introduced by plaintiff to sustain the issues on his part is oral and by which plaintiff has made a prima facie case, the defendant is nevertheless entitled to have the issue of fact submitted to the jury though the plaintiff's evidence is uncontradicted and unimpeached and even though defendant introduces no evidence, because uncontradicted testimony cannot be treated as conceded facts." [Link v. Jackson, 158 Mo. App. 63, l. c. 91.] This is well settled and many authorities could be cited in support of the rule.

But in this case plaintiff's proof did not rest wholly on oral testimony but was supported by written evidence signed by defendant and admitted by him to be genuine. The dental work was finished June 26, 1906, and the account became due at that time. On July 26, 1907, defendant wrote plaintiff "I am very sorry indeed not to have been able to pay my account in full long before this. I will make you a substantial payment soon after August 1 and my reason for not attending to this sooner is that I had the absolute promise of $200 May first which I am still waiting for. I shall not dispute the amount of your bill but I still think you charged me the limit. I wish at the same time to express my entire satisfaction with your work.

Yours truly,

O. C. Mossman."

On December 16, 1908, defendant wrote plaintiff another letter saying "I will send you some money on

account of your bill just as soon as I can. I do not see
how I can pay you anything before January 4 or 5,
at which time I will send you $50 if I possibly can. I
do not want to be in your debt any longer than I have
to, I can assure you.''

On January 8, 1909, defendant wrote plaintiff an-
other letter saying ''Herewith please find my check
for $25. I will try to send you another check for a
like amount during the month or sooner.''

These letters were all signed by defendant and
were admitted by him. They show conclusively that
defendant understood fully the amount of the bill and
the facts in relation thereto. And while he says he
thinks plaintiff went as far as he could in making his
charges, yet he agrees to the amount thereof in writing
more than a year after its accrual and makes a pay-
ment thereon nearly three years thereafter, and prom-
ised to make others.

Under this state of facts it would seem at first
glance that there was nothing in plaintiff's case which
was not conceded by defendant. The doing of the
work, its satisfactory character both as to quantity,
quality and workmanship had been freely acknowledged
and were never questioned. The only thing remaining
to be established was the fact that the charges there-
for were reasonable. On this issue plaintiff offered
the letters written by defendant and payments made
by him on the account, and defendant admits in open
court that he wrote them. But the letters do not state
that defendant knew whether the charges were rea-
sonable, and at the trial when he attempted to testify
that they were unreasonable, plaintiff succeeded in hav-
ing his testimony excluded because he did not know
whether they were reasonable or unreasonable.

The suit being upon an open account, the reason-
ableness of the charges is an element of plaintiff's case
the burden of proving which rests upon him through-
out, and the jury remain the judges of that matter

even if there is no evidence contradicting plaintiff in that regard. To give the letters of defendant in this case the effect of a conclusive admission as to the charges being reasonable is to raise them to the status of a new promise or undertaking which created a new cause of action between the parties. But this cannot be done except in an action upon an account stated. [1 Am. & Eng. Ency. of Law (2nd Ed.), 456; Brown v. Kimmel, 67 Mo. 430; McCormack v. Sawyer, 104 Mo. 36; Kent v. Highleyman, 17 Mo. App. 9.] Neither can one declare on an open account and recover as upon an account stated. [McGuire v. DeFrese, 77 Mo. App. 683.] Defendant's letters were merely evidence the jury were entitled to consider in passing upon the reasonableness of the charges, but the jury were not required to give them conclusive effect in this case which was a suit upon an open account.

The fact that the suit originated in a justice court does not allow us to treat the case as being one on a stated account. The cause of action on a stated account is not the cause arising in the performance of the services rendered, but is the new cause of action arising upon the agreement, express or implied, to pay the amount of the account. There was nothing filed with the justice showing this new cause of action. Besides, plaintiff, by offering testimony tending to show the charges were reasonable, cannot claim that the suit is on a stated account.

The suit being on an open account, the plaintiff having the burden of proof, and the jury being the judges of the facts, including the question whether or not plaintiff's charges were reasonable, and the trial judge having approved the verdict as not being against the weight of the evidence, we are without authority to disturb it.

The judgment must, therefore, be affirmed. It is so ordered. The other judges concur, *Ellison, P. J.,*

solely upon the ground that the action is upon a *quantum meruit*.