WALTER H. FOSTER, Respondent, v. UNITED ZINC COMPANIES, Appellant.

### Springfield Court of Appeals, May 19, 1915.

1. **INSTRUCTIONS: Curing Defects by Other Instructions.** Action for attorney's fees. The giving of an instruction that if plaintiff was induced by defendant to render a bill for a less amount than the services were reasonably worth in order to obtain prompt payment the plaintiff was not thereby precluded from recovering the reasonable value of his services, was not prejudicial error in view of the fact that an instruction for defendant was given telling the jury that they might consider the presentation of the bill in determining the reasonable value of the services.

2. **APPEAL AND ERROR: Abstract of Record: Failure to File: Court Rule.** Court rule 15 requires an abstract of the record to be filed and a violation of the rule justifies the court in affirming a judgment in favor of the opposing party.

Appeal·from Jasper County Circuit Court, ˙Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Leroy S. Dewey, Owen & Davis* for appellant.

*Thomas Hackney* for respondent.

ROBERTSON, P. J.—Plaintiff recovered judg-
ment, as a result of a jury trial, for $2000 on account
of services rendered for the defendant as an attorney
at law in Massachusetts and the defendant has ap-
pealed.

When the case was called for trial the defendant
sought to obtain a continuance because of its alleged
inability to complete the taking of depositions in Mas-
sachusetts but the testimony fully supports the action
of the trial court in refusing to grant the continuance.
There can be no question but that if the defendant had
been reasonably diligent the deposition could have been
filed in time for use in the trial of the case, besides the
plaintiff had a copy of most of the testimony desired,
and offered the defendant the use of that.

It appears that before this suit was brought in
Jasper county for $2500 the plaintiff sent a bill to de-
fendant for $1000 and he may also have undertaken to
commence suit in Massachusetts for that amount. Be-
fore sending the bill to the defendant one of its officers
had suggested to him that he make his bill as low as
possible because the defendant claimed to be in such
financial circumstances as that it had little available
cash. At the close of the testimony the court instructed
the jury in behalf of the plaintiff that if he was induced
by the defendant to render a bill for less than his serv-
ices were reasonably worth to effect a prompt payment
and to avoid litigation and expenses in the collection
thereof and the jury found that the reasonable value
of his services exceeded the amount for which he then
rendered his bill then the plaintiff by rendering such
account was not *precluded* from recovering the rea-
sonable value of his services. This instruction was
proper (Webster v. Loeb, 112 Mo. App. 139, 86 S. W.
463; McDonald v. Mossman, 181 Mo. App. 475, 479, 168
S. W. 816) except that there is no testimony that plain-
tiff rendered the bill to avoid litigation, but the defend-

189MA19

ant requested and was given an instruction to the effect that the presentation of the bill or the effort to institute a suit for the $1000 should be considered by the jury in determining the reasonable value of his services. This instruction on the part of the defendant cured any error in plaintiff's instruction, as the jury were authorized under these instructions, taken together, to consider the value the plaintiff then placed on his services or whether there were any circumstances then existing which induced him to temporarily reduce that estimate to effect a prompt payment.

Numerous other points are suggested in defendant's brief and they are all as equally devoid of merit as the above.

We shall place our decision in this case upon another and wholly different point from those discussed above or suggested by the parties to this appeal. In the case of Johnson v. Amburson Hydraulic Construction Co., 188 Mo. App. 105, 173 S. W. 1081, 1086, Judge FARRINGTON, speaking for this court concerning the duty of appellants under our rule requiring an *abstract of record* to be filed here, stated "that the day of judgment for some litigant whose attorney has been remiss in his duty is not far distant." That prophetic day of judgment is now here for the appellant in this case. On the front cover of the printed docket for our April call of this term of court, in which this case appears, special attention is called to our rule 15 on this subject, quoting its material provisions. We now have before us in this case a printed record of 386 pages which may have well been reduced to a very few pages and fully presented the questions raised here. The bill of exceptions is printed in full in the exact form in which it left the stenographer, exhibits consisting of letters containing elaborate and extensive letterheads and addresses to the party to whom the letter is written, together with the formal closing parts thereof are printed in full, adding nothing to the context. The plaintiff

in making his case offered in evidence the bill of complaint and exhibits filed in a case in Massachusetts, about which plaintiff rendered services, together with a brief used in connection therewith, for the purpose of showing the character of services rendered, and while for the purpose of this appeal a full disclosure of these papers is unessential, 125 pages of the record consists of these matters. Depositions were offered in evidence, there is no dispute over the formal portions thereof, yet the caption and certificates are printed in full. In one instance where a hypothetical question, consisting of six printed pages, was propounded in the taking of a deposition it appears that the party who propounded that question had it written out and for some reason it was attached to the deposition as an exhibit and it is so printed in full with the deposition. There is no effort, as suggested above, to give the testimony included in the depositions or offered orally at the trial in a narrative form as required by our rule 15. This court has the time to do the work which should be done by appellants and yet keep up with its work, but if this practice is permitted to continue we may expect, as business increases, to have a congested docket in the near future. Attorneys who have tried their cases in the lower court and have before them their record proper and bill of exceptions can decide in their own mind upon the points upon which they hope to secure a reversal and it is a comparatively small job to condense and arrange the abstract of record so as to not include therein what is clearly unnecessary for a proper consideration of the case here. Surely there is no great skill required in placing the testimony in a narrative form. The more work an appellant does upon its abstract of record the more completely it is condensed so as to cover the points in issue, and no more, the better the case is understood by the appellant and more intelligently will it be presented to this court. Intelligent condensation of the

record cannot be made without some effort and study on the part of the appellant so that the result will be to eliminate a great many useless contentions, opinions on which are extending beyond reason the volumes of our reports without any valuable addition to the law.

The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.