J. W. REED, Respondent, v. KANSAS CONDENSED MILK COMPANY, a Corporation, Appellant.

**Kansas City Court of Appeals, March 1, 1915.**

1. **TRIAL PRACTICE: Amendment of Petition: New Cause of Action.** Where the petition contains two causes of action in one count which causes could be properly united in the same petition but should have been in separate counts, and no motion to elect was filed, the dividing of the petition into two counts was not an amendment introducing a new cause of action.

2. ————: **Instruction.** An instruction purporting to cover the whole case and directing the jury to find a verdict for plaintiff if they believed certain facts which entitled plaintiff to a recovery only as to the first count, is erroneous if it is not limited in its application to that count.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED AND REMANDED.

*George L. Davis* for appellant.

(1) The court erred in admitting testimony of expenses incurred by plaintiff as salesman for defendant, as these were not pleaded. The written contract was the sole measure of liability; the amended petition was for money paid out and expended. The same evidence would not sustain both petitions. Heman v. Glann, 129 Mo. 325. (2) The court erred in admitting plaintiff to amend his petition at the close of all the testimony by setting up a new cause of action. Pruett v. Warren, 71 Mo. App. 84; Hackett v. Van Frank, 119 Mo. App. 648; Heman v. Glann, 129 Mo. 329; Joyce v.

Growney et al., 154 Mo. 253. (3) The court erred in not granting defendant's application for a continuance after petition was amended, over defendant's objection, at the close of all the evidence. Tunstall v. Hamilton, 8 Mo. 500. (4) The amendment allowed by the court at the close of all the testimony set up a new and distinct cause of action from any cause of action contained in the original petition, inasmuch as the same evidence would not support both petitions. Stewart v. Van Horn, 91 Mo. App. 647; Purdy v. Pfaff, 104 Mo. App. 331.

*Yates & Mastin* for respondent.

TRIMBLE, J.—This suit grows out of a written contract of employment entered into by the parties hereto whereby defendant employed plaintiff for a term of two years from April 1, 1910, as manager at a salary of $150 per month; and wherein plaintiff agreed to give all of his time and attention to the management of the business to the exclusion of every other business, and further agreed, on request, to make and deliver a complete and correct account in writing of all moneys received and paid out.

Plaintiff was discharged six months before the end of his term of employment, and he brought this suit to recover the remainder of his salary and also certain sums of money paid out by him in the furtherance of the business.

Originally the petition was in one count only and in it plaintiff prayed judgment for $1302.83 on account of salary and expenses from the date of the breach of the contract.

At the close of all the evidence plaintiff, by leave of court, and over the objections of defendant, amended his petition so as to put the petition in two counts wherein $900 on account of salary was demanded in the first count and $402.83 on account of expenses was

asked in the second count. A verdict was returned for $900 on the first count and for $200 on the second, and defendant has appealed.

On the theory that the original petition was solely for salary due under the contract, defendant claims that the court not only erred in admitting the itemized account of expenses known as Exhibit ''B'' and attached to the petition, but also erred in permitting the amendment because it set up a new and distinct cause of action. Of course if the matter of expenses were not pleaded, the admission of evidence in regard thereto would be error. And if the amendment resulted in the setting up of a new cause of action, it was error to allow it.

It is quite clear, however, that the original petition explicitly sought two items of recovery, one by way of salary and the other for money paid out for expenses in the prosecution of the business, and alleged ''that there is now due and payable from defendant unto plaintiff on account of salary *and expenses* from the date of the breach of said contract the total sum of thirteen hundred and two dollars and eighty-three cents ($1302.83), a correct statement of which account and each and every item thereof is herewith filed and marked Exhibited 'B.' ''

The account contained in Exhibit ''B'' was, therefore, a part of the petition by virtue of section 1832, Revised Statutes 1909. [Combs Com. Co. v. Block, 130 Mo. 668, l. c. 679; Whitewater Mercantile Co. v. Devore, 130 Mo. App. 339, l. c. 345.] Hence it cannot be said that the itemized account of the expenses was inadmissible because not pleaded.

The original petition containing both matters sued for, it is not easy to see how the amendment of the petition set up a new and distinct cause of action. The amendment did not do this but merely divided the petition into two counts. The expenses, in a sense, were incidental to the contract and apparently are recognized

by its terms. However this may be, the worst that can be said of the original petition is that it joined two causes of action in one count. This is bad pleading it is true. But defendant made no objection to this and filed no motion to elect which would have been the proper remedy. [Zeideman v. Molasky, 118 Mo. App. 106, l. c. 123; State ex rel. v. Tittman, 103 Mo. 553, l. c. 569.] It seems that the fifth clause of section 1800, Revised Statutes 1909, refers to the uniting in the same *petition* of incongruous causes of action, and not to the mingling of two or more causes of action in the same *count* which could be stated in separate counts of the same petition. Consequently, section 1804, Revised Statutes 1909, cannot be relied upon as creating a waiver on the part of defendant. Whether the failure to file a motion to require plaintiff to elect will of itself constitute a waiver is a question we are not compelled to decide, for reasons which will hereafter appear. Defendant objected to the introduction of evidence in regard to expenses but was overruled, and when the amendment was allowed an affidavit of surprise was filed wherein a continuance was asked in order that defendant might have opportunity to defend against the second count which the affidavit alleged defendant could do if given an opportunity. These circumstances make it an exceedingly nice question whether the mere failure to require plaintiff to elect in the first place can be treated as a waiver of all of defendant's rights in the premises when no objection was on the ground of bad pleading. But, as stated, we think it unnecessary to decide this question, because of an error in one of the instructions which will necessitate the reversing of the judgment and the remanding of the case, in which event defendant will have ample opportunity to present any defense it may have to the second count.

The instruction referred to is plaintiff's instruction number 1, which reads as follows: "It is admitted

in this case that plaintiff and defendant made the written contract in evidence, dated April 1, 1910. Now unless the jury find and believe from the evidence that plaintiff thereafter agreed that such contract was canceled, the verdict in this case must be for plaintiff, unless the jury further find that plaintiff failed or refused to carry out the terms of said contract.''

This instruction evidently was drawn when the petition was in one count, but certainly after the petition was divided into two counts, one for salary under the contract and another for money expended, the above instruction should have been limited to a recovery on the first count. As it is worded, it applies to both counts which was improper. It is no doubt true that there may be little or no contradiction on the part of defendant as to the expenses, but there is enough in the case from which the jury could draw inferences unfavorable to the demand set up in the second count so as to prevent the court from telling the jury to find for plaintiff on that count unless they found the contract was canceled by agreement or that plaintiff had refused to carry it out. The presence of these unfavorable inferences is sufficient to forbid the court telling the jury they must believe plaintiff's evidence as to the second count even if the court has such power in the absence of countervailing evidence or opposing inferences.

For the error noted the judgment is reversed and the cause remanded for a new trial. All concur.