J. T. O'CONNOR and Margaret Mary O'Connor, d/b/a Con-Cor Paint Company, a partnership, Respondents,

v.

James EGAN, Appellant.

No. 7324.

Springfield Court of Appeals.

Missouri.

Jan. 3, 1955.

Horace T. Robinson, Waynesville, for appellant.

Wayne W. Waldo, Waynesville, for respondents.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the Circuit Court of Pulaski County in favor of plaintiffs in an action on account.

The petition is in usual form. It alleges that plaintiffs, in the years 1946 and 1947, at the special instance and request of defendant, sold and delivered to defendant four orders of enamel and paint of the reasonable value of $302.60; that demand was made on defendant for payment and payment refused; that there is now due and unpaid on the account $302.60 plus interest from demand.

The answer is a general denial.

The only evidence offered was that of plaintiff, J. T. O'Connor. He testified: That he and Margaret Mary O'Connor are partners engaged in selling paint under

the name "Con-Cor Paint Company", main office in Kansas City, but, at the time of the sales mentioned, the main office was in St. Louis.

Plaintiff stated he first met defendant in Waynesville, in 1944, before defendant moved to Neosho; that they had on former occasions sold to defendant merchandise which defendant paid for; that the last four orders, containing merchandise described in the petition, defendant failed to pay for; that plaintiff, J. T. O'Connor, called on defendant at his place of business in Neosho and took the orders included in this suit; that this plaintiff filled the orders and shipped them by Campbell & Powell Bros. Truck Lines, to defendant in Neosho on the dates alleged in the petition. Plaintiff stated that at the time the orders were made defendant was told the prices charged for said merchandise and agreed to them.

Plaintiff gave this testimony:

"Q. Did you ask Mr. Egan for payment of this? A. Oh, a number of times.

"Q. When did you do that; do you remember? A. I have done it in Neosho, and I done it here at Waynesville, and I was informed by Mr. Egan at one time the reason he wasn't paying up this account, 'he was buying property at tax sales.' * *

"Q. Did you send statements and invoices to him? A. Absolutely; until this suit was brought, * * *

"Q. How often did you send them? A. Every month. He received the invoices at the time of the delivery of the material, and the statements were sent every month."

▐▌ Plaintiff testified that the value of each item contained in each of the orders described in his petition was reasonable. He testified as to purchase dates, the date and manner of shipment of the goods to the defendant, and the amount still due. At the time this testimony was offered defendant made no objection to the fact that the trial court permitted plaintiff to refresh his recollection as to the goods sold, prices and the reasonableness of the charges made.

The record does not show what the document was that the court permitted plaintiff to refresh his recollection from, but, under the law, such matters are usually left to the discretion of the court. We think there is nothing before the court as to the admissibility of this testimony.

Defendant offered no testimony but relied upon his motion for a directed verdict at the close of plaintiffs' case. This motion was in the form of an instruction which reads as follows:

"The Court instructs the jury, at the close of the evidence offered by plaintiffs, that under the law and the evidence your verdict must be for the defendant."

The trial court overruled the motion.

In our opinion we will refer to appellant as defendant and respondents as plaintiffs.

▐▌ The cause was tried by jury and, on appeal, it becomes the duty of the court to determine whether there was sufficient evidence to support the findings of the jury. If there were the court is bound by such verdict. Only where there is a complete absence of probative facts to support the conclusion reached does reversible error appear. Union Service Company v. Lyons, Mo.App., 240 S.W.2d 153, 158; Winters v. Terminal R. Ass'n of St. Louis, 363 Mo. 606, 252 S.W.2d 380, 384; Johnson v. Thompson, Mo.App., 236 S.W.2d 1; Ford v. Louisville & N. R. Co., 355 Mo. 362, 196 S.W.2d 163, 167; R. J. Hurley Lumber Co., v. Cummings, Mo.App., 264 S.W.2d 379, 386.

▐▌ In determining the sufficiency of the evidence to support the verdict we take as true the evidence offered by plaintiff and all reasonable inferences that can be drawn therefrom, and such parts of the evidence offered by defendant as supports plaintiff's case. R. J. Hurley Lumber Co., v. Cummings, supra, 264 S.W.2d at page 386; Bartch v. Terminal R. Ass'n of St. Louis, Mo.App., 264 S.W.2d 937.

Defendant's first contention is that the trial court erred in not sustaining his motion for a directed verdict at the close of

plaintiff's evidence because of the insufficiency of the evidence to make a case.

It is the contention of defendant that the account sued on must be proved by original book entries made contemporaneously with the sale transactions shown to have been correctly made.

To support this contention defendant cites Kliethermes Motor Co. v. Cole Motor Service, Mo.App., 102 S.W.2d 819.

This was an action on open account. The respondent offered record evidence to prove the account. The exhibits offered were copies of invoices which were not shown to be original entries. There was no proof that they were made contemporaneously with the transactions nor that the record books were correctly kept. The court held when proof of an account is by records, the proof must show original book entries made contemporaneously with the transactions and kept correctly.

Bedwell v. Capitol Mutual Ass'n, Mo. App., 66 S.W.2d 155. This was an action on a certificate of life insurance. The court held that the trial court erred in permitting introduction in evidence of time card; that such record was taken from some memorandum made by the punch clock with information turned in by numerous timekeepers. It is held that such testimony was inadmissible unless the person who made the memorandum is called to prove the transactions, is dead or his absence explained.

Welch-Sandler Cement Co., Inc., v. Mullins, Mo.App., 31 S.W.2d 86. This was an action on account. The court held that contemporaneous entries in book accounts made in usual course of business are admissible as constituting part of res gestae of principal transaction.

Conkling v. Henry Quellmalz Lumber & Mfg. Co., Mo.App., 20 S.W.2d 564. This was an action on account. The court held that all that was required in proving an account stated was to prove a definite amount as amount agreed upon between the parties. That the defendant at no time objected to the correctness of the account rendered by plaintiff, but expressly promised to pay the amount stated.

█ Under the law record testimony offered to establish the account sued upon must be an original book of entry, and the entries must have been shown to have been correctly made contemporaneously with the transaction. The authorities cited by defendant support this holding.

Section 490.650 RSMo 1949, V.A.M.S., reads as follows:

"The court before which any action for the recovery of any sum or balance due on account, and where the matter at issue and on trial is a proper and usual, subject of charge on books of account, may require either party to produce, at the trial, either his ledger or original book of entries, or both; and no disputed account shall be allowed upon the oath of the party, when it shall appear that he has a book of original entries, unless such book shall be produced upon reasonable request."

In the case at bar there was no objection made as to the sufficiency of the pleading. The testimony to establish the correctness of the account was all oral. Plaintiff testified that the defendant, in his place of business, gave the orders for the goods involved; that at the time the order was given, the prices to be charged for each item in the account were agreed upon. Plaintiff testified that in pursuance to the orders given by defendant, he shipped the goods to defendant; that defendant received the goods, together with the invoices. He stated the terms of the sales of each of the orders were one per cent discount if paid within ten days or the principal amount if paid within thirty days; that he personally demanded payment from defendant; that he made demand at Neosho and Waynesville; that defendant did not deny the correctness of the bills or the amount due thereon but gave as the reason for non-payment that he was buying property at tax sales with his money. Plaintiff further testified he sent monthly statements to the defendant up until the time suit was brought

Defendant made no denial of any of this testimony.

Defendant made no demand or request that plaintiff produce the original books showing that the entries of the accounts were made contemporaneously with the sales and that the books were properly kept.

Defendant's contention is that the only method by which an account can be proved is by the original records contemporaneously made in each transaction, and by proving that the records were correctly made. With this contention we cannot agree.

In 1 C.J.S., Account, Action On, § 16, page 604, the law is stated:

"The general rules governing the admissibility and weight and sufficiency of evidence in civil actions are applicable in determining the admissibility and the weight and sufficiency of evidence in actions on accounts, in the absence of statutes relating specifically to such actions as shown infra § 16e, and § 17. Ordinarily an account is proved by proving each item thereof * *."

In S. J. Travis & Co., v. Means, Mo.App., 192 S.W. 119, 120, the court stated:

"The correctness of the account depending upon oral testimony in plaintiff's behalf, the question whether such testimony was to be believed was for the jury. * * *"

This case clearly holds that an account may be established by oral testimony.

In McDonald v. Mossman, 181 Mo.App. 475, 168 S.W. 816, 817, the law is stated:

" 'Where an issue of fact is controverted and oral testimony must be relied on as proof of the truth, though the testimony given on one side of the issue is uncontradicted, the jury has the right to find against it, subject, of course, to the power of the trial court to grant a new trial.' First State Bank of Corwith v. Hammond,

124 Mo.App. 177, loc. cit. 181, 101 S.W. 677, 678."

In Reed v. Kansas Condensed Milk Co., 187 Mo.App. 542, 174 S.W. 110, the court held that a statement of account accompanying a petition becomes a part thereof, and hence evidence of items contained in the account is admissible.

Without objection, defendant permitted plaintiffs to testify to the date and correctness of each item contained in the account sued on, the charge and the reasonableness thereof. Under the evidence a submissible case was made and the trial court properly overruled defendant's motion for a directed verdict.

In passing upon defendant's first allegation of error we have passed upon the second assignment of error which is that the evidence failed to make a submissible case on the question of delivery.

The third allegation of error is that the evidence failed to show by the greater weight of the evidence that the goods shipped were in fact delivered to the defendant.

Under the first allegation of error we held that the jury was justified in drawing the inferences that the goods were delivered from the testimony; that the defendant at no time, when demand was made for payment, ever denied that he received the goods.

Under allegation of error numbered 4, which complains of the trial court permitting plaintiff to refresh his memory from a memorandum, by him made, is not before us because no objection was made at the time such testimony was given.

We find there is no merit in defendant's contention that it is necessary to prove an account from original book entries.

Judgment affirmed.

STONE, J., concurs.