Louis BOLAND, d/b/a Boland Feed Store, Plaintiff-Appellant,

v.

Frank DEHN and Margaret Dehn, Defendants-Respondents.

No. 30683.

St. Louis Court of Appeals. Missouri.

July 18, 1961.

Leo Politte, Washington, Charles P. Moll, Union, for appellant.

Jenny & Cole, Union, Frank W. Jenny, James A. Cole, Theodore P. Hukriede, Washington, for respondents.

DOERNER, Commissioner.

This is an action on an open account for a balance claimed to be due of $2,458.86, which was tried before the court without a jury. Judgment below was in favor of plaintiff and against both defendants in the sum of $138.88, from which judgment plaintiff has duly appealed.

■ The briefs of the parties present a unique situation. By the first point in their own brief defendants criticize plaintiff's brief as failing to comply with the Rules, in that (1) under his points relied on plaintiff failed to allege any error on the part of the trial court; and (2), plaintiff's points are mere abstract statements of law. Defendants' criticism is well taken. In the particulars stated, plaintiff's brief does not comply with Rule 83.05 of the Rules of Civil Procedure, V.A.M.R. However, neither does the defendants' brief comply with that Rule. Their entire brief consists of only two printed pages—a short statement, accepting plaintiff's statement of the facts, and their "Points and Authorities." It is entirely devoid of any argument or discussion, and by reason of that deficiency defendants may be said to have abandoned or waived their own points relied on, including their criticism of plaintiff's brief. Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W.2d 1015; Matthews v. Truxan Parts, Inc., Mo.App., 327 S.W.2d 28. It is readily apparent from the plaintiff's brief as a whole that the error claimed is the refusal of the trial court to admit in evidence certain sales tickets offered by the plaintiff. In view of the deficiencies of both briefs, a fair result is to declare the contest between the parties a draw, and, in the exercise of the discretion vested in us by Rule 83.09, to consider the appeal on its merits.

■ Before doing so, however, one more bit of legal underbrush remains to be cleared away. Defendants' second point is that the judgment "should be affirmed because it was in favor of the appellant on his cause of action and he is not the aggrieved party." There is no merit to this contention. A party cannot, of course, appeal from a judgment that is wholly in his favor or one that gives him all he asks for, as was the situation in Turner v. Anderson, 236 Mo. 523, 139 S.W. 180, cited by defendants. But a plaintiff who recovers a judgment for only a small fraction of the amount for which he has sued is obviously an aggrieved party within the meaning of Section 512.020 RSMo 1959, V.A.M.S., and may appeal from such a judgment. Scott v. Parkview Realty & Improvement Co., 241 Mo. 112, 145 S.W. 48.

Having disposed of those preliminaries, we turn to the case on its merits. Plaintiff's evidence showed that for many years he operated a feed store in Washington, Missouri. Sometime in the early or middle 1940's the defendants, then husband and wife, who with their two sons operated a farm in or near Washington, requested plaintiff to extend them credit on an open account. Plaintiff consented to do so, and in the following years plaintiff sold and delivered numerous articles of merchandise to the defendants. Orders therefore were

given at different times by one or the other of the defendants, or one of their sons, in person or over the telephone. Plaintiff testified that it was his practice to carry his accounts in the name of the head of the family, and that accordingly the account sued on was carried in the name of defendant Frank Dehn. But his testimony made it clear that the account had been opened at the request of both of the defendants, and that from time to time, when the account got "a little too large," he would talk to both of the defendants about paying more on their account. Over the years plaintiff personally made many deliveries to the defendants. Statements were sent around the first part of each month, and no complaint was ever made by either of the defendants about goods not being delivered. Payment was sometimes made by one defendant, and sometimes by another.

Mrs. Berney Haddock, plaintiff's bookkeeper, testified that at the time an order for merchandise was given by a customer, the order was written up in the sales book, in duplicate, and marked "charge" if the customer had a charge account. The order was then filled, and the merchandise given to one of plaintiff's truck-drivers, together with the duplicate copy of the sales ticket, for delivery of the goods and the duplicate ticket to the customer. No receipt was obtained from the customer by the driver, but when the driver returned to plaintiff's place of business he orally reported the fact of delivery to the bookkeeper. Mrs. Haddock then removed the original sales ticket from the sales book and placed it in a steel filing cabinet, with any others of the same customer. As far as the evidence showed, plaintiff apparently did not keep a regular book of account, so that the only record of the amount due from a customer, and presumably the source from which the monthly statements were prepared, were the original sales tickets. According to the exhibits offered in evidence, credits and payments were credited on a customer's account either by attaching a credit slip to the sales tickets, or by making an appropriate notation on one of the sales tickets.

Mrs. Haddock further testified that she had received most of the orders from the defendants, and had made out most of the sales tickets subsequently offered in evidence, although some had been made out by other employees of plaintiff; that such original sales tickets were prepared in the ordinary course of business according to the plaintiff's system of keeping accounts, which she had described; that the sales tickets were true and correct; that statements showing the items purchased during the month, their price, and the balance currently due, had been sent each month to the defendant Frank Dehn, addressed to him at his farm; and that no claim that the statements were inaccurate had ever been made by either of the defendants.

The account on which plaintiff's action was founded covered purchases alleged to have been made by defendants during the period from March 5, 1955, to and including February 1, 1956, totalling $2551.45, and credits and payments thereafter made, the last on February 17, 1958, totalling $92.59, leaving a claimed balance due of $2,458.86. It indirectly appears from the evidence that at some date (probably at the beginning or before that period) marital difficulties arose between the Dehns, and that one of them instituted a divorce action against the other, but what disposition was made of that proceeding is not shown. Mrs. Haddock testified on cross-examination that none of the orders which went to make up the account sued on were given by defendant Frank Dehn, and that she knew he was out of the state during the period covered by the account, but did not know that he was not coming back. Plaintiff's evidence was that defendant Frank Dehn never closed the account in his name or notified plaintiff that he would not be responsible therefor.

Plaintiff offered all of the sales tickets in evidence several times, but in each instance the court excluded them. While

various objections were raised by the defendants, the only reason given by the court for its rulings was that "There is no evidence in the record showing actual delivery of these articles for which you (plaintiff) are trying to collect." Eventually it was developed from Mrs. Haddock that she had personal knowledge of the delivery of certain items, because Mrs. Dehn or one of her sons had picked them up at plaintiff's store, and the court then admitted into evidence the sales tickets for such merchandise, the total amount of which was $138.88.

Neither of the defendants introduced any evidence.

■■■ Section 490.680 RSMo 1959, V.A.M.S., of our Uniform Business Records as Evidence Act provides that a record of an act, condition or event shall be competent evidence if the custodian testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. By the testimony of plaintiff and his bookkeeper a proper foundation had been laid as to the identity, mode and contemporaneousness of preparation of the sales tickets, and the making of them in the regular course of business. Allen v. St. Louis Public Service Co., 365 Mo. 677, 285 S.W.2d 663, 55 A.L.R.2d 1022. While plaintiff's method of bookkeeping was certainly unusual, no particular form is essential in determining the status of an account book. Hancock v. Crouch, Mo.App., 267 S.W.2d 36. In this case the sales tickets were not only plaintiff's original book of entries, but also his account book. In any event, under the Act they were clearly admissible in evidence as business entries. George F. Robertson Plastering Co. v. Magidson, Mo., 271 S.W.2d 538; O'Connor v. Egan, Mo. App., 274 S.W.2d 334; Hancock v. Crouch, supra; Fredericktown Chamber of Commerce v. Chaney, Mo.App., 250 S.W.2d 820.

In fact, such sales tickets were deemed admissible prior to the passage of the Act. Jungkind Photo Supply Co. v. Yates, Mo. App., 257 S.W. 820.

From the rulings of the court it is apparent that he did not exclude the exhibits because he was doubtful of their identity, or because he was of the opinion that a proper foundation had not been laid. The sole reason given was that neither the sales tickets nor any other evidence in the record directly showed the actual delivery of the merchandise to the defendants. It may be conceded that there was no direct evidence of delivery. However, the plaintiff's evidence showed the opening of the account by the defendants; its prior operation; the receipt of orders for the disputed merchandise from those who had given similar orders in the past; plaintiff's usual method of effecting delivery and his system of filing the original sales tickets upon the oral report of a driver that delivery had been made; the filing of the instant sales tickets in accordance with his usual procedure; the rendition of monthly statements during the period in question for the merchandise which went to make up the account, which statements showed the balance due; and the entire lack of any complaint or objection on the part of either of the defendants as to the accuracy of such statements. Such evidence was at least sufficient to raise the inference that the merchandise had been delivered. George F. Robertson Plastering Co. v. Magidson, supra; O'Connor v. Egan, supra; Welch-Sandler Cement Co. v. Mullins, Mo.App., 31 S.W.2d 86. The sales tickets were an integral part of that chain of evidence, and therefore relevant and admissible.

■■ Defendants do not contend in their brief that the exhibits were not admissible, or that the court did not err in excluding them. Their only other contention is that the judgment should be affirmed because plaintiff's motion for a new trial did not present the objection that the

judgment was inadequate. In ABCO Assisting Bldg. Const. Office, Inc. v. Bagley & Co., Mo.App., 304 S.W.2d 43, cited by defendants, an entirely different factual situation prevailed. There the trial court had admitted evidence as to three items of damages, among others, but ruled that they were not properly recoverable. Plaintiff's motion for a new trial raised no claim of error on the part of the trial court in refusing to allow such items, and it was properly held that plaintiff could not do so for the first time on appeal. In the instant case the trial court refused to admit the majority of the sales tickets in evidence, and under that state of the record, the plaintiff would have had no basis to claim that the judgment was inadequate. The grounds on which it correctly claimed error, in its motion for a new trial, as well as here, was the refusal of the court to admit the exhibits in evidence.

■ We are required by Rule 83.13, Rules of Civil Procedure, to dispose finally of a case on appeal, unless justice requires otherwise. It is apparent from the record that in view of the court's ruling on the non-admissibility of the bulk of plaintiff's exhibits the defendants did not avail themselves of the opportunity to introduce any evidence which they may have. Because of this incomplete state of the record justice requires that a new trial be ordered.

For the reasons stated, the judgment should be reversed and the cause remanded for a new trial. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and the cause remanded for a new trial.

ANDERSON, P. J., FULLER, Sp. J., and RUDDY, J., concur.