PEACOCK HOMES, INC., a Corporation,
et al., Respondents,

v.

Willis W. BENSON, Collector of Revenue of
St. Louis County, Missouri, and Phil G.
Deuser, Assessor of St. Louis County, Missouri, Appellants.

No. 49559.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Norman C. Parker, County Counselor, St. Louis County, Gerald J. Bamberger, Joseph B. Moore, Asst. County Counselors, for appellants.

Kerth, Thies & Schreiber, Alfred H. Kerth, A. H. Hamel, Clayton, for respondents.

COIL, Commissioner.

On December 31, 1955, respondents, four Missouri corporations owning real estate in St. Louis County, filed an action against the assessor and collector attacking the assessments and the tax bills issued to plaintiffs based thereon; all of which allegedly had resulted from a report of the Missouri State Tax Commission and the adoption thereof .by the St. Louis County Board of Equalization whereby valuations on land and on town lots were increased and assessments made on the new valuations. We shall hereinafter refer to the parties as they were designated in the trial court. Plaintiffs sought to enjoin the assessor and collector from instituting proceedings to collect such taxes and to require them to cancel the records fixing the assessments and to not certify any tax bills based thereon, and prayed that plaintiffs be permitted to pay into court an amount which the court would fix as due for taxes and thereby relieve plaintiffs of penalties and interest "assessed against delinquent taxpayers."

The trial court issued a show cause order as to a temporary injunction, returnable January 13, 1956, and, on the same day plaintiffs' oral motion that the court forthwith fix the amount of the "proper assessment of plaintiffs' respective properties to enable plaintiffs to pay into the registry of this court an amount sufficient to pay the taxes lawfully required to be paid by each of these plaintiffs and thereby relieve the plaintiffs of penalties and interest assessed against delinquent taxpayers [was] passed for hearing to 13th day of January, 1956." (Bracketed insert ours.)

On January 27, 1956, Brentwood School District sought to intervene. (The record shows no disposition of that application, but from the fact that the school district approved a later order of the court, we guess that the intervention was in fact permitted.)

On February 2, 1956, the assessor and collector filed their joint return and motion to dismiss, alleging, inter alia, that the petition did not state facts upon which relief could be granted.

On March 26, 1956, the trial court entered this "memorandum and order":

"Plaintiffs and defendants appear by attorneys.

"Plaintiffs present and submit to the Court their oral motion for authority to pay into the registry of the Court, for the purpose of avoiding penalties and interest pending a final decision in this cause, the sum of $144,801.12, being the total amount of real estate taxes for the year 1955 levied against the parcels of real estate described in Counts I to IV, inclusive, of plaintiffs' petition, based on a total assessed valuation of $4,686,120.00 at a tax rate of $3.09 per $100 of assessed valuation. Motion sustained.

"It is ordered by the Court that plaintiffs be and they are hereby authorized and directed to pay into the registry of this Court the sum of $144,801.12 *without prejudice to the rights of plaintiffs or defend-*

*ants* and subject to the further order of the Court.

"It is further ordered that Raymond O. Douglas, Circuit Clerk forthwith pay to the defendant, Willis W. Benson, Collector, out of the sum deposited in the registry of this Court as aforesaid, the amount of $114,392.88, being 79% of the total amount of taxes levied and being 79% of the taxes levied against each of parcels of real estate described in Counts I to IV, both inclusive of plaintiffs' petition, and the said defendant, Willis W. Benson, Collector, is hereby authorized and ordered to distribute said amount of taxes in the proportions required by law, such payment to defendant Willis W. Benson, Collector, being made with the consent of the plaintiffs *and otherwise without prejudice to the rights of the parties herein.*" (Our italics.)

The foregoing order was approved by plaintiffs, defendants, and by intervenor-applicant school district.

On April 28, 1961, the "matter was submitted on written briefs" to be filed thereafter and, on January 10, 1962, the court sustained defendants' motion to dismiss plaintiffs' petition and, on February 6, 1962, the court entered this "memorandum and order" (which is the judgment from which the appeal was taken):

"Upon oral motion of Attorneys for Plaintiffs the Court sets aside its order made and entered in this cause on January 10, 1962 sustaining Defendants' motion to dismiss Plaintiff's petition, etc.

"Upon further oral motion of Attorneys for Plaintiffs it is hereby ordered and adjudged that the Clerk of the Circuit Court of St. Louis County, Missouri forthwith pay over to the Collector of Revenue of St. Louis County, Missouri (Successor to Defendant Willis W. Benson, Collector of Revenue of St. Louis County, Missouri) the sum of $30,408.24 heretofore deposited in the registry of the Court, and,

"It is further ordered and adjudged that the Collector of Revenue of St. Louis

County, Missouri upon receipt of said amount *apply the same on account* of the following 1955 Real Estate tax bills, to-wit:

| | |
|---|---|
| 10134 | $ 4,005.57 |
| 10135 | 28,329.74 |
| 10153 | 5,435.62 |
| 10154 | 18,658.35 |
| 10155 | 23,316.83 |
| 10156 | 24,319.54 |
| 10157 | 3,987.03 |
| 10158 | 5,412.75 |
| 10234 | 17,227.06 |
| 10235 | 5,245.58 |
| 10236 | 8,863.05 |

and to cause the same to be distributed as required by law.

"Defendants' motion to dismiss Plaintiff's petition sustained on the following grounds:

"(1) Plaintiffs have failed to exhaust their remedies by review or at law.

"(2) Plaintiffs have failed to state a cause of action upon which relief can be granted.

"Costs against Plaintiffs." (Our italics.)

On February 16 the then assessor and collector, as successors to the original defendants, filed their joint motion "to amend judgment or in the alternative for a new trial" wherein they averred that the trial court was at all times without jurisdiction to permit and authorize plaintiffs "to pay their lawful real estate taxes for the year 1955 into the registry of the Court for the purpose of avoiding statutory penalties and interest" for the period since January 1, 1956, and that the trial court erred in its "Memorandum and Order" in which it "sustained Plaintiffs' oral motion to pay $144,-801.12 into the Court's registry for the purpose of avoiding penalties and interest pending a final decision in this Cause," for the reason that such amounted to "judicial legislation" and interfered with the provisions relating to the payment of penalties and interest on delinquent taxes as contained in Section 139.100 RSMo 1959, V.A.M.S.; that the court erred in failing to "order the additional payment of lawful interest and penalties due and owing" on February 6, 1962, "on the sum of $30,408.-24, which sum represented the unpaid balance on the Plaintiffs' lawful real estate taxes for the year 1955"; that the order of March 26, 1956, was not a final order or judgment and that the present motion constituted the "earliest point in the proceedings" since March 26, 1956, when defendants could lawfully raise and preserve "this point" and the motion prayed that the court amend its memorandum and order of February 6, 1962, by vacating and setting aside its order of March 26, 1956, "insofar as the same attempted to stay lawful penalties and interest from accumulating on the unpaid portion of Plaintiffs' delinquent real estate taxes for the year 1955; and further, to order the Plaintiffs to pay the additional statutory amounts accrued, to Defendant James Frank Bell, Collector, as the statutory penalties and interest due on said date (February 6, 1962) on Plaintiffs' 1955 real estate taxes involved herein, or in the alternative to grant said Defendants a new trial for the reasons hereinabove set forth."

The motion to amend or for new trial was overruled and defendants below appealed from the judgment entered on February 6, 1962, heretofore set forth in full.

■ In our view, defendants are not aggrieved parties within the meaning of Section 512.020 RSMo 1959, V.A.M.S., and thus have no right to appeal. See National Surety Corp. v. Fisher, Mo., 317 S.W.2d 334, 338 [1]; Boland v. Dehn, Mo.App., 348 S.W.2d 603, 604 [2]; McCormack v. Dunn, 232 Mo.App. 371, 106 S.W.2d 933, 935 [2–5]. The judgment appealed from disposed of all issues favorably to defendants and they received all the relief they sought and all they could have received

under the facts and issues before the trial court.

◼ We, of course, agree with defendants' contention that courts "in the absence of statutory authorization * * * have no power to relieve delinquent taxpayers from penalties imposed by statute * * * [nor are] statutory penalties * * * procedurally circumvented and the legislative exactions judicially vitiated by payment, pending litigation, of the amounts of contested taxes into the registry of the court pursuant to court order entered before or after the taxes were delinquent." American Airlines, Inc. v. City of St. Louis, Mo., 368 S.W.2d 161, 167. (Bracketed insert ours.)

The difficulty with defendants' position is that there was no issue before the trial court which called for the application of those principles. The rather extensive review of the record we have made herein demonstrates the validity of that conclusion. Summarizing the record facts, plaintiffs, by averment in their petition and thereafter by oral motion, sought to pay into the registry of the court an amount of money sufficient to pay "taxes lawfully required to be paid" and thereby be relieved of penalties and interest assessed against delinquent taxpayers. Defendants filed their motion to dismiss. On March 26, 1956, the trial court entered an order (set forth in full above) sustaining plaintiffs' motion to pay into the registry of the court $144,801.12, being the total real estate taxes levied for the year 1955 against the property involved and, as part of the order, specifically provided that the sum was authorized and directed to be paid into the registry of the court "without prejudice to the rights of plaintiffs or defendants," and further ordered that 79% or $114,392.88 be paid forthwith to the collector to apply against the taxes levied against plaintiffs' property. That "memorandum and order," as noted, was approved by plaintiffs, defendants, and by intervenor-applicant school district. The "matter" was then submitted to the court on its merits. The "matter" can mean only the question whether plaintiffs' petition should be dismissed; that was the only issue before the court. That question was briefed and thereafter, on February 6, 1962, the court sustained defendants' motion to dismiss the petition and thus adjudged that plaintiffs' petition should be dismissed for the stated reason (in so far as here pertinent) that it failed to state facts on which relief could be granted. The court included in its judgment an order that the remainder of the money in the registry of the court be paid to the collector of St. Louis County and that "upon receipt of said amount [the collector was to] apply the same on account of the following 1955 Real Estate tax bills * * *" (bracketed insert ours), after which the tax bills to which the amounts were to be applied were listed.

It seems apparent that defendants obtained the only relief they sought, viz., the dismissal of plaintiffs' action. There was no issue or question, so far as the record shows, as to the disposition of the $30,000 remaining in the registry of the court; but surely the fact that the St. Louis County Assessor and Collector could not have been aggrieved by an order that the collector be paid an additional $30,000 unconditionally, is obvious. The portion of the judgment ordering the $30,000 paid to the collector contained no language which could be construed to mean that the trial court had adjudged that the 1955 tax bills were thereby paid in full or that plaintiffs were not or would not be liable for penalties and interest.

◼ The plain decisive fact is that defendants did not seek in the present suit to recover taxes or interest and penalties on delinquent taxes; they did not file a counterclaim as was done by the St. Louis County collector in American Airlines, Inc. v. City of St. Louis, supra, 368 S.W.2d 169. Defendants' motion to amend the judgment or for a new trial is necessarily unavailing; first, because defendants had received all

**58**

the relief they had sought and, secondly, it is plain that a motion to amend a judgment or for a new trial may not be considered as the proper assertion of a claim (by suit or counterclaim) for penalties and interest due on delinquent taxes.

Inasmuch as our holding herein results in the dismissal of the appeal, we do not reach other questions briefed by the parties.

The appeal is dismissed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.